## 34569. DURHAM v. THE STATE.

MARSHALL, Justice.

The defendant appeals from his convictions of murder and rape, for which he was given consecutive sentences of life and 15-years' imprisonment respectively.

1. The first enumerated error is that the verdict was contrary to the law and to the evidence as to the rape conviction in that (1) the verdict was based solely upon the unsupported testimony of the alleged accomplice, Styles; (2) the state failed to show that a rape had, in fact, occurred; and (3) the state failed to show lack of consent on the part of the rape-murder victim.

In *Collins v. State,* 243 Ga. 291 (1979), this court set out the facts in the appeal of Durham's accomplice (which are adopted by reference herein), and upheld his convictions of murder and rape of the same victim, also based in part upon the substantially identical testimony of another alleged accomplice, Styles. We held there, in Division 7, that a charge of rape could be proven although

the victim is unable to testify because she subsequently was murdered by her assailant, citing *Spraggins v. State,* 240 Ga. 759, 761 (243 SE2d 20) (1978). The testimony of Styles, the virtually identical version of which was approved and used to support the convictions in the companion case, was sufficient to authorize the finding of the present appellant's commission of the crime of rape of the same victim.

2. The second enumerated error, that the murder conviction was unauthorized, being based solely upon the unsupported testimony of Styles, is likewise without merit. Styles' testimony, the substantially identical version of which we held in *Collins,* supra, authorized Collins' conviction of murder, also authorized Durham's murder conviction.

3. The third enumerated error is the overruling of the defense motion to suppress the defendant's in-custody statements. It is argued that the Miranda warnings, which are conceded to have been given prior to the statements, were deficient in that they did not warn him that he should have present with him at the time of making such dangerous statements, an attorney or, at least, a "disinterested person." We know of no such legal requirement. The trial court conducted a Jackson-Denno hearing, after which he determined that the statements were voluntarily made, hence admissible. We perceive no grounds for reversing the trial judge's determination.

4. The fourth enumerated error is that the trial judge erred in charging the jury in part as follows: "If you should find from the evidence that the witness, J. C. Styles, in this case was an accomplice . . ."

The appellant points out that the district attorney had stated in open court that Styles had been charged with the offense of rape in connection with this incident; that, in exchange for his testimony in the trial of the case, the state was recommending that he be granted immunity; that his attorney was in the courtroom; and that Styles had been advised of his rights and had agreed to testify. Appellant Durham contends that there can be no doubt that Styles *was* an accomplice, and that, therefore, the judge should have so charged. If there is any principle well-ingrained in our system of justice, it is that

one is not presumed guilty by reason of having been indicted for a crime, and that one is presumed innocent until proven guilty. Therefore, the trial judge properly let the jury decide whether Styles was an accomplice, based upon the evidence adduced during the trial, and not upon the fact of his having been indicted.

5. The fifth enumerated error contends that the trial judge erred in his charge to the jury, informing them that state's witness Styles had been offered immunity from prosecution in exchange for his testifying in the case, by not going further to instruct the jury that they should consider the offer of immunity as giving the witness an interest in the matter which would relate directly to his competency or credibility as a witness.

The judge charged, however, that "you may consider that fact in deciding the weight to be given his testimony." This instruction, plus the instructions as to the credibility of witnesses being a question for the jury, sufficiently conveyed to the jury the concept urged by the appellant.

6. The sixth enumerated error is the trial judge's references in the charge to confessions and admissions, it being contended that the appellant's statements merely admitted presence at the scene of the crime, and that there was no evidence that he had made a confession or admission. To the contrary, however, the statements made by the appellant with regard to his driving of the vehicle containing the victim, his entry into the pecan orchard, his carrying of a knife, his taking the victim off into the woods, his returning with the murder weapon, his driving the vehicle from the scene of the crimes, and his cooperation as far as disposition of the murder weapon and the victim's clothing, certainly showed him to be in all respects a full-fledged participant, and amounted to a confession.

7. The seventh enumerated error is the admission in evidence, over the objection that it put the appellant's character in issue, of Styles' testimony as to the appellant's statements to Styles, to the effect that this wasn't the first time he had killed anybody. These alleged statements were made before and during the commission of the rape and murder, and were part of the res gestae, as we held them to be in *Collins,* supra, (5).

8. The court did not err, as contended in the eighth enumerated error, in refusing to give the appellant's requested charge on the offense of concealing a death. Code Ann. § 26-1104 (Ga. L. 1968, pp. 1249, 1277).

"This charge was not required since the state did not indict the appellant for this crime. We have recently affirmed a conviction for murder and of concealing a death arising from the same criminal transaction. *Nunnally v. State,* 235 Ga. 693 (221 SE2d 547) (1975). They are separate crimes, requiring separate acts and criminal intent. The failure of the state to indict and the court to charge on this crime was therefore favorable to the defendant under the facts of this case." *Davis v. State,* 236 Ga. 804, 810 (2) (225 SE2d 241) (1976). This enumerated error is without merit.

The appellant's contentions are without merit, the evidence was sufficient to support the verdict, and the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 16, 1979 — DECIDED APRIL 4, 1979.

*R. Joneal Lee,* for appellant.

*Stephen Pace, Jr., District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.