## 36387. WILSON v. THE STATE.

CLARKE, Justice.

Wilson was indicted, tried and convicted in Fulton County of murder and aggravated assault, receiving a life sentence on the murder conviction with a ten-year concurrent sentence on the other. His motion for new trial was overruled and he appeals, raising three enumerations of error.

1. In his first enumeration of error, Wilson contends the state improperly placed his character in issue during cross examination. The defendant took the stand and testified on direct that he had a valid permit to carry the weapon used in the shooting. On cross examination the state showed the defendant a certified copy of his license application which the defendant identified as being his. The assistant district attorney then indicated particular questions on the application and asked the defendant if the answers to those questions were truthful. The defendant admitted some were not, but that the clerk had filled it out as it was only a renewal. He then admitted after further questioning that he had sworn the answers were true when he signed. The defense made a motion for mistrial on the grounds the state had placed the defendant's character in issue which was overruled by the trial court. The document itself was not placed in evidence.

The defendant argues that under our holding in *Mikle v. State,* 236 Ga. 748 (225 SE2d 275) (1976), the state impermissibly used the application form to place his character in issue. In *Mikle,* the district attorney actually read the questions from the form concerning prior

convictions for a felony offense. When the defendant at trial affirmed his negative answers on the form, the state introduced previous convictions for the purpose of impeaching his answer that he had not been convicted of a felony. The conviction was reversed because "[t]he state chose to put the defendant's character in issue by use of the form to ask a question which would otherwise be prohibited *and having nothing to do with any direct testimony of the defendant."* (Emphasis supplied.) *Mikle,* at 749.

Wilson defended the case at trial on the theory of self-defense. He testified he carried a gun but stated he had a valid permit to do so at the time of the alleged offense. The trial court refused to allow the prosecution to go into the question on the license application, but allowed the district attorney to ask the defendant if he had lied on his application. The court overruled the motion for mistrial since the defendant had injected the issue of having a valid permit to carry a gun as part of his defense. Unlike *Mikle,* in this case the cross examination went to the credit of defendant's direct testimony, and the contents of the application questions were not revealed. Even in a criminal case the trial court has discretion in his control of cross examination. *Davis v. State,* 230 Ga. 902, 904 (199 SE2d 779) (1973). Evidence which tends to put the defendant's character in question is admissible so long as it is material to the case. *Whippler v. State,* 218 Ga. 198 (126 SE2d 744) (1962). We find no error in the refusal of the trial court to grant a mistrial.

2. Enumerations 2 and 3 attack the failure of the trial court to charge the jury on voluntary and involuntary manslaughter. There was no request to charge on these theories at the time of trial. The sole defense theory presented at trial was justification, which defense was given in the charge to the jury. The evidence was sufficient to support a verdict of guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The defendant and both victims were all acquainted. Eyewitnesses testified the murder victim had a gun but was holding it down by her side while being held by the assault victim, and that the gun went off into the sidewalk. The defendant admittedly ducked behind a car and fired four shots at the two victims, wounding one and killing the other. He, however, testified that the victim had pointed the gun and fired at him. Under these circumstances, there is no error since the defendant made no request to charge on the lesser included offenses. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 8, 1980 — DECIDED OCTOBER 1, 1980.

*Joe Salem,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.