## 65547. SANTAMARIA v. THE STATE.

DEEN, Presiding Judge.

Appellant was arrested on traffic charges, along with two passengers, and was also charged with DUI. Arresting officers found under the driver's seat of the car a quantity of pills which were identified as counterfeit quaaludes, and under the passenger seat eight one-ounce bags of a substance identified as marijuana. All three were indicted jointly on a charge of possession with intent to distribute marijuana, and one co-indictee pled guilty to a charge of simple possession. At trial the other co-indictee received a directed verdict of not guilty, and appellant was found guilty as charged. Following denial of his motion for a new trial, appellant appealed, enumerating as error (1) the alleged placing of his character in issue by the state through a witness whose statement the court admitted as evidence of a similar transaction; and (2) the failure of the court to direct a verdict

of not guilty at the close of the state's evidence and at the close of all evidence, and failure to grant the motion for new trial. *Held:*

1. Appellant is correct in his contention that the state impermissibly placed his character in issue, and that the trial court erred in admitting such evidence. A prosecution witness testified that several days after appellant had been charged with possession of marijuana with intent to distribute, appellant asked him if he knew of anyone who might be interested in buying drugs. Over appellant's objection, the court ruled the testimony admissible as evidence of a similar transaction.

OCGA § 24-9-20 (Code Ann §§ 38-415, 38-416) prohibits admission of "evidence of general bad character or prior convictions . . . unless and until the defendant shall have put his character in issue." The recognized exceptions to this rule involve instances wherein evidence of a prior crime is held admissible because it is so closely connected with or similar to the crime charged that it tends to establish identity, motive, plan, scheme, bent of mind, or course of conduct. *State v. Johnson,* 246 Ga. 654 (272 SE2d 321) (1980); *Larkins v. State,* 230 Ga. 418 (197 SE2d 367) (1973); *Moore v. State,* 221 Ga. 636 (146 SE2d 895) (1966). It is undisputed that appellant in the instant case had not placed his character in issue.

Appellee relies upon *Wilson v. State,* 246 Ga. 445, 446 (271 SE2d 843) (1980), as authority for the thesis that "[e]vidence which tends to put the defendant's character in question is admissible so long as it is material to the case." The case cited in *Wilson* in support of this proposition, however, holds that "evidence material to the issue of the case is not inadmissible because it *incidentally* puts the defendant's character in issue." *Whippler v. State,* 218 Ga. 198, 201 (126 SE2d 744) (1962). (Emphasis supplied.) In other words, it is only when the primary purpose of introducing evidence of a similar prior transaction is to establish motive, identity, or the other elements enumerated, supra — or otherwise to establish an essential element of the crime with which defendant is charged — that the evidence is properly admitted. Cases cited by both appellant and appellee confirm that this is the proper criterion for determining the validity of proposed exceptions to the general rule of inadmissibility. See, e.g., *Durham v. State,* 243 Ga. 408 (254 SE2d 359) (1979); *Hale v. State,* 159 Ga. App. 563 (284 SE2d 68) (1981); *Garrett v. State,* 147 Ga. App. 666 (250 SE2d 1) (1978).

In the instant case the effect of the challenged testimony in placing defendant's character in issue can hardly be characterized as "incidental": its sole apparent purpose was to do just that, by showing both "general bad character," OCGA § 24-9-20 (Code Ann. §§ 38-415, 38-416), and a specific interest in drug transactions. Moreover, the

alleged conversation that was the subject of the testimony took place, if at all, after appellant had already been charged with the crime for which he was tried. It was thus neither a part of the *res gestae* (as in *Whitfield v. State,* 159 Ga. App. 398 (283 SE2d 627) (1981) or *Durham v. State,* supra) nor a prior similar transaction. Under the applicable criteria the trial court erred in admitting the testimony under the latter rubric. Moreover, the alleged remark, uttered by an indicted accused, the subject matter of whose alleged felony was at the time safely in police custody, could hardly be characterized as part of a viable "crime" or even a "transaction," either prior or subsequent. Compare *Plemons v. State,* 155 Ga. App. 447 (270 SE2d 836) (1980); *Moss v. State,* 148 Ga. App. 459 (251 SE2d 374) (1978).

The enumerated error is quite apparent from the trial transcript. Under the rationale of *Kincaid v. State,* 136 Ga. App. 732 (222 SE2d 47) (1975), and *Bowen v. State,* 123 Ga. App. 670 (182 SE2d 134) (1971), this constitutes reversible error, and the trial court erred in denying appellant's motion for a new trial on this ground.

2. The evidence in this case was not of such quality or quantity as to demand a directed verdict of acquittal under relevant statutory provisions, and the court therefore did not err in denying the appellant's motions. The judgment must be reversed, however, on other grounds, supra.

*Judgment reversed and remanded. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 1, 1983.

*John W. Johnson,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, John Turner, Assistant District Attorneys,* for appellee.