## 77062. HARGROVE v. THE STATE.
(373 SE2d 44)

McMurray, Presiding Judge.

Defendant was convicted of violating the Georgia Controlled Substances Act by making three sales of cocaine. The evidence demonstrated that defendant sold cocaine to two undercover narcotics agents on three separate days, January 8, 1987, February 3, 1987, and February 17, 1987, and that defendant was paid $75, $100 and $140 for the cocaine sales. Defendant denied that he made the sales to

the agents. *Held*:

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of selling cocaine on three separate occasions beyond a reasonable doubt. *Williams v. State*, 184 Ga. App. 68 (1) (360 SE2d 634). The first enumeration of error is without merit.

2. In his second enumeration of error, defendant contends the trial court erred in permitting the State to use its peremptory challenges in a discriminatory manner in contravention of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69). We disagree. The prosecutor gave racially neutral reasons for exercising the State's peremptory challenges. Giving "great deference" to the trial court's conclusion that the State used its peremptory strikes in a non-discriminatory manner, we find no error. *McCormick v. State*, 184 Ga. 687 (362 SE2d 472). The second enumeration of error is meritless.

3. During voir dire, the prosecutor asked prospective jurors whether they knew certain individuals who were identified by name only. Defendant objected, pointing out that the named individuals had been arrested around the same time as defendant in a major drug sweeping operation which had made the news.

In his third enumeration of error, defendant contends the trial court erred in overruling his objection to the question propounded by the prosecutor. In this regard, he argues that defendant was prejudiced by the reference to known drug dealers during voir dire.

We cannot see how defendant was harmed by the prosecutor's question. See in this connection *Arnsdorff v. State*, 152 Ga. App. 515, 516 (3) (263 SE2d 176) (in which that trial court questioned potential jurors as to any connection they might have with other defendants awaiting trial on cases arising from the same criminal activity and no ground for reversal was found). The trial court did not abuse its discretion by permitting the prosecutor to ask it.

4. The State introduced evidence demonstrating that during the week of February 20, 1987, an undercover agent visited defendant to determine whether he was willing to sell large quantities of drugs; that the agent told defendant that he was expecting a $1,500 tax refund; that he asked whether defendant could do him "any good"; that defendant told the agent that he could "handle any weight" the agent wanted; and that defendant said the agent should come back whenever he was ready. The trial court allowed this evidence to be introduced as a "similar transaction" over defendant's objection that it impermissibly put his character in issue.

"OCGA § 24-9-20 (Code Ann. §§ 38-415; 38-416) prohibits admission of 'evidence of general bad character or prior convictions . . . unless and until the defendant shall have put his character in issue.' The recognized exceptions to this rule involve instances wherein evidence of a prior crime is held admissible because it is so closely con-

nected with or similar to the crime charged that it tends to establish identity, motive, plan, scheme, bent of mind, or course of conduct. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980); *Larkins v. State*, 230 Ga. 418 (197 SE2d 367) (1973); *Moore v. State*, 221 Ga. 636 (146 SE2d 895) (1966)." *Santamaria v. State*, 165 Ga. App. 288, 289 (299 SE2d 758).

In *Santamaria v. State*, 165 Ga. App. 288, 289, supra, that defendant was charged with possession with intent to distribute marijuana. Over defendant's objection, a prosecution witness was permitted to testify that several days after defendant was charged, he asked the witness "if he knew of anyone who might be interested in buying drugs." This court reversed, holding that defendant's remark "could hardly be characterized as part of a viable 'crime' or even a 'transaction,' either prior or subsequent." *Santamaria v. State*, 165 Ga. App. 288, 289, supra at 290.

In the case sub judice, as in *Santamaria v. State*, 165 Ga. App. 288, 289, supra, the prosecution was permitted to introduce evidence of an alleged conversation concerning prospective drug activity. It was not alleged that an overt act was taken in furtherance of the conversation.

The conversation did not constitute evidence of a similar crime or transaction. *Santamaria v. State*, 165 Ga. App. 288, 289, supra. See also OCGA §§ 16-13-33 and 16-4-8. The sole apparent purpose of the evidence was to show that defendant was willing to be a "big-time" cocaine dealer. It was not admissible and the trial court erred in permitting the State to introduce evidence of the defendant's alleged conversation with the undercover agent. Was the error harmful?

Reviewing the record, we are of the opinion that the evidence of defendant's guilt was ample and that it is highly probable that the placing of defendant's character in issue did not contribute to the jury's verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). In the context of this case, therefore, the error was not harmful. Accordingly, a reversal is not required.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 8, 1988.

*C. Truitt Martin, Jr.*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.