## S91A0196. WELLS v. THE STATE.
### (404 SE2d 106)

HUNT, Justice.

Robert Wells III, was convicted and sentenced to life in prison for the murder of James Yates in Mitchell County on Sunday, June 25, 1989.[1] His appeal asserts error by the trial court in dismissing a juror for cause, in denying the defendant's motion in limine, and in refusing to admit prior convictions of the victim while admitting prior convictions of the defendant. We affirm.

Wells lived with the victim's sister for nearly five years. There was some evidence of an ongoing dispute between him and the victim. On the afternoon of June 25, 1989, he asked the victim and a friend to leave his front porch, where they were drinking and "fussing and cussing." Wells claims he saw a gun in the victim's pocket at that time. About two hours later, after riding around with a friend while drinking and looking for a gun to borrow or buy, Wells walked up to the victim, who was standing with several others at the American Legion next door to Wells' house and said, "Hey, you," and shot the victim at least four times with a handgun. At trial, Wells claimed self-defense, although, in his statement the day after the incident, the defendant did not indicate any justification for shooting the victim and no gun was found on or near the victim's body.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. Wells has not demonstrated an abuse of discretion by the trial court's excusing for cause a juror related to Wells even though the extent of that relationship was not known. We think it was within the court's discretion to exclude the juror whether or not the test of OCGA § 15-12-135 (a) was met. And, as Judge Eberhardt stated in *Grasham v. Southern Railway Co.*, 111 Ga. App. 158, 160 (5) (141 SE2d 189) (1965),

> A party to a lawsuit has no vested interest in having any particular juror to serve; he is entitled only to a legal and impartial jury. The erroneous allowing of a challenge for cause affords no ground of complaint if a competent and unbiased

---

[1] The defendant was indicted on July 11, 1989, and tried on October 30. The court reporter certified the transcript on June 7, 1990. The defendant filed a motion for new trial on November 6, 1989, which was denied on October 12, 1990. He filed his notice of appeal on November 5, and the case was submitted for decision in this court on December 21.

jury is finally selected.

There is no showing that a competent and unbiased jury was not selected.

3. Evidence of Wells' use of alcohol and the extent of his intoxication on the afternoon of the shooting, was not inadmissible notwithstanding it may have reflected adversely on his character. The denial of Wells' motion in limine was not error. *Pless v. State*, 260 Ga. 96 (2) (390 SE2d 40) (1990).

4. Wells also asserts the trial court erred in permitting the state to put his prior convictions into evidence, while refusing to allow him to introduce those of the victim in order to bolster his claim of self-defense.

(a) Wells presented three witnesses as to his good character. His contention that impeachment of those witnesses by evidence of Wells' specific bad acts and previous convictions should have been limited to convictions of crimes involving moral turpitude is meritless. OCGA §§ 24-9-20 (b); 24-9-84; *Everett v. State*, 253 Ga. 359, 360 (320 SE2d 535) (1984); *Jones v. State*, 257 Ga. 753 (1) (363 SE2d 529) (1988).

Wells' reliance on *Giles v. State*, 71 Ga. App. 736 (c) (32 SE2d 111) (1944) is misplaced. *Giles* involved the tender of evidence of specific acts through one's *own* witnesses. It did not involve the permissible range of cross-examination of the opposing side's character witness.[2]

(b) The trial court excluded three disorderly conduct convictions and two burglary convictions of the victim, James Yates. Wells contends this was error under the rationale of the concurrence and dissent in *Lolley v. State*, 259 Ga. 605, 607-611 (385 SE2d 285) (1989) (Weltner, J., concurring) (Gregory, J., dissenting). Those opinions argued that, in proper cases, evidence of the victim's specific acts of violence toward third parties should be admitted, not to show the victim's character for violence, *Harrison v. State*, 251 Ga. 837 (310 SE2d 506) (1984), but to aid the factfinder in weighing the truth of a defendant's claim of justification.

Assuming this is a proper case, neither of these convictions suggests, on its face, violence on the part of the victim against third persons. Surely, the burden rests on Wells and similarly situated defend-

---

[2] The issue in *Clark v. State*, 186 Ga. App. 106, 110 (6) (366 SE2d 361) (1988); affirmed in *State v. Clark*, 258 Ga. 464 (369 SE2d 900) (1988), concerning a reliable basis for the impeachment evidence is not present here. Wells' properly certified convictions were admitted without objection. A charge of "public drunk," with no attached conviction, which was apparently made in connection with a disorderly conduct charge which in fact resulted in a conviction, was offered by the state but excluded by the court at Wells' request. Wells did not assert that its use by the state during cross-examination was a *Clark* violation, but assuming it was, we find it harmless in this instance.

ants to make such a showing, either before or during trial, of the relevancy of the facts underlying those convictions in order to meet the *Lolley* proposal. The trial court properly refused to admit them. *Judgment affirmed. All the Justices concur.*

DECIDED MAY 10, 1991 —
RECONSIDERATION DENIED JUNE 6, 1991.

*Michael L. Bankston,* for appellant.
*J. Brown Moseley, District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.