## S94A0866. PERRY v. THE STATE.
(448 SE2d 444)

HUNT, Chief Justice.

Lamar Perry was convicted of malice murder, felony murder, and possession of a firearm during the commission of a crime. He appeals, and we affirm.[1]

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Perry asserts that the trial court erred in granting the state's motion to excuse a prospective juror for cause. We disagree. Chal-

---

[1] The crime occurred on December 11, 1992. Perry was convicted of malice murder, felony murder, and possession of a firearm during the commission of a crime. He was sentenced to life imprisonment for malice murder and five years probation for possession of a firearm during the commission of a crime, sentences to be served consecutively. Motion for new trial was filed on June 23, 1993, and denied on January 19, 1994. Perry filed his notice of appeal in this Court on February 17, 1994, and the appeal was docketed on March 14, 1994. The case was submitted for decision on briefs on May 17, 1994.

lenges to individual jurors such as the one at issue here are based on admissions of the juror or facts and circumstances which raise a suspicion that the juror is actually biased for or against one of the parties. *Jordan v. State*, 247 Ga. 328, 338 (276 SE2d 224) (1981). Where a prospective juror is not impartial and free from prejudice or bias, that juror is subject to be excused for cause. *Cade v. State*, 207 Ga. 135, 140 (60 SE2d 763) (1950). The decision as to whether or not to discharge the prospective juror is within the discretion of the court. *Wells v. State*, 261 Ga. 282 (404 SE2d 106) (1991). Further, a defendant has no vested interest in a particular juror but rather is entitled only to a legal and impartial jury; thus, the allowing of a challenge for cause, even if erroneous, affords no ground of complaint if a competent and unbiased jury is selected. Id.[2]

In this case, the prospective juror, a professor of political science, indicated during voir dire that he worked for defense lawyers in criminal cases as a consultant, that his knowledge of the criminal justice process had led him to believe that the system was stacked against defendants, and that because they are at such a disadvantage criminal defendants need all the help they can get. Such responses clearly establish a leaning or bias on the part of the juror which would make him subject to be excused for cause, and the trial court did not abuse its discretion in excusing him. Further, there has been no showing that the jury that did serve was incompetent and biased.

3. Perry argues that the trial court erred in excluding evidence of a prior inconsistent statement of a defense witness. Our examination of the record of the trial court's hearing on the proffer of this evidence reveals no inconsistency between the statement made by the witness to Perry's investigator and the witness's testimony at trial. The exclusion of this evidence was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 11, 1994.

*Melissa M. Nelson,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, J. Michael McDaniel, Fran W. Shoenthal, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney Gen-*

---

[2] We note that appellant has not asserted that the prospective juror was excused for constitutionally impermissible reasons, e.g., on the basis of race or gender. The exclusion of jurors on the basis of an impermissible factor such as race or gender will not be countenanced under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986); *Gamble v. State*, 257 Ga. 325 (357 SE2d 792) (1987); and their progeny.