A96A0236. SCOTT v. THE STATE.
(467 SE2d 348)

BLACKBURN, Judge.

Frank Ellis Scott appeals his conviction for sale of cocaine and

possession of cocaine.

1. Scott asserts that the trial court erred in excusing a prospective juror who was the brother of Scott's long-time girl friend and the uncle of Scott's two children. While the juror answered affirmatively that he would be able to arrive at an impartial verdict based solely upon the evidence and the law as presented during the proceeding, the trial court granted the State's motion to excuse the juror for cause. This was not error.

In determining whether a juror can impartially decide a case in accordance with the evidence presented during the trial, the trial court is given the utmost discretion and will not be reversed absent a manifest abuse of that discretion. *Perry v. State*, 264 Ga. 524, 525 (448 SE2d 444) (1994). Prejudice or bias sufficient to merit a prospective juror's exclusion may arise from that juror's relationship to the parties involved. *Lively v. State*, 262 Ga. 510, 511 (421 SE2d 528) (1992). Moreover, the party seeking exclusion of a juror on grounds of bias need not demonstrate the bias with "unmistakable clarity." *Crowe v. State*, 265 Ga. 582, 589 (458 SE2d 799) (1995). During voir dire the juror stated under oath that he had visited Scott's home on a number of occasions, that he was close to Scott and that it would be difficult for him to sit as a juror on Scott's case. In light of the prospective juror's relationship with Scott, we find the trial court did not abuse its discretion in discharging the juror for cause.

Moreover, a defendant has no vested interest in a particular juror but rather is entitled only to a competent and impartial jury. *Wells v. State*, 261 Ga. 282 (404 SE2d 106) (1991); see also *Perry*, supra. Thus, even assuming that the trial court wrongfully dismissed the prospective juror, the error affords no ground for appeal if, in the end, Scott's case was heard by a competent and unbiased jury. Id. As Scott has offered no evidence or argument that the jury hearing his case was unqualified in either of these respects, this enumeration is without merit.

2. Scott asserts that the trial court erred in not permitting the identification or testimony of a confidential informant who assisted the police in the undercover investigation that led to his arrest. The trial court conducted an in camera hearing to determine whether the identity of the confidential informant should be disclosed. During the hearing, Scott's co-defendant argued that the informant's testimony was relevant as to his claim of misidentification, focusing primarily on a meeting with undercover agents that took place outside of Scott's presence. While on appeal, Scott described the confidential informant as a "key witness," at no time during the hearing did Scott indicate how the identity or testimony of the informant was relevant to his own case.

Georgia law provides that " '(w)here the disclosure of an [infor-

mant's] identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the [government's] privilege [of source confidentiality] must give way.' [Cit.]" *Wilson v. State*, 209 Ga. App. 436, 438 (433 SE2d 703) (1993).[1] As Scott failed to demonstrate how disclosure was relevant or helpful to his defense or essential to the fair determination of his cause, we find the trial court did not err in precluding disclosure of the informant's identity.

3. In his third enumeration of error, Scott asserts that the trial court erred in permitting the State to present evidence of two similar transactions. Citing *Santamaria v. State*, 165 Ga. App. 288, 289-290 (299 SE2d 758) (1983), Scott contends that the transactions were not admissible as they took place after the offenses for which he stood trial. In *Santamaria*, the defendant was charged with possession with intent to distribute marijuana. The trial court permitted testimony from a prosecution witness that "several days after [the defendant] had been charged . . . [the defendant] asked [the witness] if he knew of anyone who might be interested in buying drugs." Id. at 289. This Court reversed, holding that the statement did not qualify as a "prior similar transaction" and that its introduction impermissibly placed defendant's character at issue. The holding in *Santamaria* was based in large part on the fact that the defendant's remark was not made as part of a viable crime or even a transaction — facts not present here. Id. at 290. Moreover, this Court has previously held that similar transactions which occur subsequent to the charge being tried are admissible when the State satisfies the applicable test for similar transactions. See *Lefler v. State*, 210 Ga. App. 609, 611 (436 SE2d 777) (1993).

In this matter, the State satisfied the applicable test, outlined in *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), by offering evidence that (1) the defendant committed the acts in question, (2) that these acts were sufficiently similar to the offense for which the defendant is charged, and (3) that the similar acts were being introduced for a relevant purpose. We note that the test set forth in *Williams* focuses on the "similarity or connection between that independent offense and the crime charged" without reference to the order in which they occurred. Id. at 643. Thus, the fact that the similar incidents which the prosecution seeks to evidence occurred after the offense for which a defendant is charged, considered by itself, does not render the similar transaction evidence inadmissible. Accordingly, this enumeration of error is without merit.

---

[1] In Georgia, public policy favors the non-disclosure of a confidential informant's identity to encourage the free flow of information about criminal activity between the public and law enforcement authorities. *Wells v. State*, 212 Ga. App. 60, 63 (441 SE2d 460) (1994).

4. Scott asserts that the trial court erred in allowing a law enforcement officer to testify, without first being qualified as an expert, that the substance acquired from Scott during various undercover drug buys was cocaine. A review of the record reflects that the agent testified, when asked, that the substance appeared to be cocaine but further stated that he could not testify with certainty that the substance was cocaine. Assuming arguendo that this testimony was improper, the error was harmless as a qualified expert had earlier testified, without objection, that the substance was, in her opinion, cocaine.

5. In light of the foregoing, we find Scott's final enumeration — that he was denied his constitutional right to a fair trial due to the errors addressed above — to be without merit.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 23, 1996.

*Dunaway & Wallace, Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney, M. Eric Eberhardt, Assistant District Attorney*, for appellee.