A97A0558. POSTELL v. THE STATE.
(487 SE2d 422)

SMITH, Judge.

Mark Postell was arrested with two companions and charged with trafficking in cocaine and two related firearms charges. He was tried jointly with his co-defendants before a jury, which found him guilty of the trafficking charge and not guilty of possession of a fire-

arm during the commission of a crime. Based upon the jury's verdict with regard to that firearms charge, the remaining firearms charge, possession of a firearm by a convicted felon, was nol prossed. Postell's motion for new trial was denied.

The evidence presented at trial showed that based upon a tip from a confidential informant, Deputy Vernon Jessie of the Terrell County Sheriff's Department placed a lookout for a white Toyota Camry with three black male occupants that was in the city of Dawson. Officer David McLemore, then of the Dawson Police Department, stopped such a car, along with Jessie and another law enforcement officer. Postell exited from the back door on the driver's side of the car. Jessie testified that one of the three occupants threw something under the car that was later identified as three plastic-wrapped crack cocaine "cookies" weighing a total of 75.3 grams and having a purity of 53 percent. A holstered handgun was found under the driver's seat.

McLemore testified that the driver, Postell's co-defendant Terrance Wood, stooped down and threw the cocaine under the car. Wood's testimony differed. According to Wood, Postell had the drugs in a drink cup; when they were stopped, Postell tossed the drugs to their companion, Chester Neal. Neal threw them back and Postell tossed the cup to Wood, who also threw them back. According to Wood, since Postell was the last one to have possession of the cocaine, Postell must have thrown them under the car. Although Neal did not testify at trial, his previous testimony from a preliminary hearing was read to the jury. Neal's testimony corroborated Wood's version of the drug toss. Both Wood and Neal claimed that Postell had attempted to bribe and threaten them into claiming ownership of the drugs.

Dawson Police Investigator Loren Smith testified that he conducted several custodial investigations of the three defendants. He testified that when he interviewed Postell, Postell insisted that he wanted to "help himself" with respect to the charges pending against him. He told Smith he wanted to help the officers arrest others, saying that he "could do up to a kilo of cocaine if he was allowed to help." He maintained that he "knew people who were involved in large amounts of drug running." Postell objected to this testimony on the ground that it was introduced simply to impugn his character, which had not been placed in issue, by allowing the jury to infer that he was involved in drug distribution. The trial court overruled Postell's objection.

On appeal, Postell's sole enumeration of error is that the trial court erred in overruling his objection to this testimony. We do not agree. Postell argues that this issue is governed by *Santamaria v. State*, 165 Ga. App. 288, 289-290 (1) (299 SE2d 758) (1983). In

*Santamaria* we held that the State impermissibly put the defendant's character in issue when a witness testified that several days after the defendant had been put in custody on a charge of possessing marijuana, he asked the witness if he knew anyone who might be interested in buying drugs. Id. at 289 (1). We held that this evidence, introduced as a "similar transaction," was actually introduced solely to place the defendant's character in issue by showing general bad character as well as a specific interest in drugs. Id.

But unlike *Santamaria*, the statement in issue in this case was not made in casual conversation with a third party. It was made *by the accused* and introduced as an inculpatory custodial statement made to a law enforcement officer after being given *Miranda* warnings; it is similar to a confession. Postell did not deny possessing the drugs but at least impliedly admitted his knowledge or possession and sought to "make a deal." As such, its possible impact on Postell's character did not preclude its admission into evidence. *Berryhill v. State*, 235 Ga. 549, 551-552 (6) (221 SE2d 185) (1975). "[I]t is no valid ground of objection to the admission into evidence of an incriminating statement . . . made by the accused in a criminal case that the language indicated that the accused had committed another offense. [Cits.]" *Cade v. State*, 180 Ga. App. 314, 315 (1) (348 SE2d 769) (1986). The trial court did not err in overruling Postell's objection to this evidence.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment but point out that this case is distinguishable from *Hargrove v. State*, 188 Ga. App. 336, 337 (4) (373 SE2d 44) (1988), relied upon by appellant.

Defendant in that case was also in conversation with a law enforcement officer about potential drug procurement. This Court deemed it to be inadmissible, as violative of OCGA § 24-9-20, because it "concern(ed) prospective drug activity. It was not alleged that an overt act was taken in furtherance of the conversation" and thus it "did not constitute evidence of a similar crime or transaction." Id. at 338. Although the situation here is close in kind, in that it only concerned possible prospective drug activity and not "a similar crime or transaction" that would be admissible for certain purposes, it was nevertheless admissible because it was connected to the charge on trial as constituting some evidence that defendant considered himself criminally implicated but sought a way out of his dilemma. Such a connection was not present in *Hargrove*.

DECIDED JUNE 2, 1997 —
RECONSIDERATION DENIED JUNE 17, 1997 —
Before Judge Moulton.

*Donaldson, Bell & Pickett, George P. Donaldson III, Mark L. Pickett*, for appellant.

*Charles M. Ferguson, District Attorney, Ronald S. Smith, Assistant District Attorney*, for appellee.