A05A2236. RICHARDSON v. THE STATE.
(626 SE2d 518)

MILLER, Judge.

A jury found Harvey Lewis Richardson guilty of possession of cocaine with intent to distribute. He now appeals on grounds including that the trial court should have granted his motion to suppress and that the evidence was insufficient. We find no error and affirm.

Viewed in the light most favorable to the verdict, the record shows that after receiving complaints concerning off-hours traffic at 10 Garland Street, police wired a confidential informant and observed him buy $20 worth of crack cocaine on the porch of the house

---

[17] See id. at 315-316.

at that address. They then obtained a search warrant. When Richardson saw the police approaching the house to execute the warrant, he ran inside the house and came back out again. The police found 18 small packages of cocaine in a hole in the wall just inside the door Richardson had used, and recovered over $2,000 in small bills from Richardson himself. When asked how he had obtained the money, Richardson responded, "[Y]ou know how I got it."

Richardson filed a motion to suppress, which was denied. A jury later found Richardson guilty of possession of cocaine with intent to distribute. He was sentenced to twelve years with eight to serve. His motion for an out-of-time appeal was granted, and this appeal followed.

1. Richardson first argues that the trial court erred when it denied his motion to suppress. We disagree.

Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Here, the informant returned from the buy to the prearranged meeting place, handed officers the crack, and said that he had purchased it from an unknown black male in the presence of Richardson and two others. "[E]ven if the informant had no known credibility, the controlled buy conducted under the observation of the officer, alone, would have been sufficient to establish probable cause." (Citation and punctuation omitted.) *Heller v. State*, 275 Ga. App. 637, 639 (3) (621 SE2d 591) (2005). The trial court did not err when it denied the motion to suppress. Id.

2. Richardson next argues that the trial court erred when it denied his motion for a directed verdict of acquittal. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Our methods are the same "whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

Here, the evidence supporting a finding that Richardson had constructive possession of the cocaine included his running in and out of the house immediately before the arrival of police, his statement that the police knew how he had obtained the money found on him,

and a co-defendant's testimony that Richardson had given him the cocaine found on the co-defendant. Since there was evidence to support the verdict, the court did not err when it denied Richardson's motion for a directed verdict. See *Glenn v. State*, 251 Ga. App. 336, 337-338 (1) (553 SE2d 323) (2001) (evidence of constructive possession was sufficient where officers saw drug paraphernalia and residue in plain view after defendant opened door to apartment).

3. Richardson next contends that the trial court erred when it delivered the pattern jury charge on corroboration of testimony by an accomplice. Specifically, Richardson argues that the inclusion of language therein that "slight evidence" connecting the defendant to the crime "may be sufficient supporting evidence of the testimony of an accomplice" impermissibly suggested that only slight corroborating evidence is sufficient to sustain the conviction itself. This does not follow from the pattern charge given here, however, which stated the law accurately. See OCGA § 24-4-8 (corroboration may dispense with the necessity for testimony of a second witness); *Terrell v. State*, 271 Ga. 783, 786 (4) (523 SE2d 294) (1999) (approving pattern jury charge on corroboration); see also Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3rd ed. 2003), § 1.31.90. There was no error here.

4. Finally, Richardson contends that the court erred when it overruled his objection to hearsay testimony to the effect that a witness was scared of Richardson. His objection at trial was that the question had exceeded the scope of redirect examination, however, not that the testimony was hearsay. Thus he has waived this argument on appeal. *Butler v. State*, 273 Ga. 380, 382 (2) (541 SE2d 653) (2001) (argument waived where ground for objection raised on appeal is different from ground raised at trial).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 17, 2006 —
RECONSIDERATION DENIED JANUARY 31, 2006 — 

*Gerald P. Word, James C. Bonner, Sarah Gerwig-Moore*, for appellant.

*Peter J. Skandalakis, District Attorney*, for appellee.