## A11A0690. WHITE v. THE STATE.
### (714 SE2d 31)

BLACKWELL, Judge.

Darryl White was tried by a Mitchell County jury and convicted of possession of cocaine with intent to distribute and felony obstruction of a law enforcement officer.[1] White argues on appeal that he was deprived at trial of the effective assistance of counsel because his trial lawyer failed to file a motion to suppress certain evidence found on his person when he was arrested. He also claims that the evidence adduced at trial is not sufficient to sustain his convictions and that the court below erred when it denied his request to charge on a lesser included offense, when it denied his motion to strike a juror for cause, when it allowed a forensic chemist to opine that the substance found on his person was, in fact, cocaine, and when it allowed a police officer to opine that powder on digital scales found on his person appeared to be cocaine residue. We find no merit in these claims of error and affirm the judgment below.

Viewed in the light most favorable to the verdict,[2] the evidence adduced at trial shows that two police officers saw White walking in the "middle of the northbound lane" of a Pelham street at 2:00 a.m. One officer said that White was "staggering and stumbling." Concerned for the safety of both White and any motorist who might be traveling on the same street, the officers stopped their car and approached White. As they approached him, they noticed a plastic cup in his hand and the odor of alcohol on his breath. When the officers smelled the contents of the plastic cup, they detected an even stronger odor of alcohol. The officers then decided to arrest White for unlawfully walking upon the roadway[3] and for unlawfully walking upon a roadway while under the influence of alcohol.[4] When the officers attempted to arrest White, he tried to run away. A struggle ensued, during which White kicked and bit the officers. After the

---

[1] White was acquitted of being a pedestrian under the influence of alcohol.

[2] See *Ferguson v. State*, 307 Ga. App. 232, 233 (1) (704 SE2d 470) (2010).

[3] OCGA § 40-6-96 requires that, when a sidewalk or shoulder is available, a pedestrian must walk upon the sidewalk or shoulder of the road, rather than upon the roadway itself. When no sidewalk or shoulder is available, OCGA § 40-6-96 (d) provides, in pertinent part, that "any pedestrian standing or striding along and upon a highway shall stand or stride as near as practicable to an outside edge of the roadway."

[4] OCGA § 40-6-95 provides that "[a] person who is under the influence of intoxicating liquor or any drug to a degree which renders him a hazard shall not walk or be upon any roadway or the shoulder of any roadway."

officers subdued White, one searched White and found digital scales and a bag containing what appeared to be cocaine in the pockets of his pants. A third officer, who worked with the local drug task force, arrived on the scene after the arrest and conducted a field test of the contents of the bag, which indicated the presence of cocaine. The bag subsequently was sent to the Georgia Bureau of Investigation for scientific analysis of its contents, which confirmed that the substance in the bag was cocaine.

1. We turn first to the contention that White was deprived of the effective assistance of counsel because his lawyer did not move to suppress the evidence discovered as an incident of his arrest. White says that the officers had no reasonable suspicion that he was engaged in criminal wrongdoing when they first approached him, and for this reason, he argues, evidence obtained when he was arrested is the fruit of an unlawful seizure and would have been suppressed, if only his lawyer had filed a motion to suppress. We disagree.

Even assuming that the officers lacked a reasonable suspicion of criminal wrongdoing when they first approached White,[5] they did not need any reasonable suspicion to walk up to him on a public street. As this Court and our Supreme Court have explained many times before, encounters between police officers and citizens come in three varieties, at least as far as the Fourth Amendment is concerned: encounters involving no coercion or detention, which are outside the purview of the Fourth Amendment altogether; brief seizures, which require an officer to have a reasonable suspicion of criminal wrongdoing; and custodial arrests, which require probable cause. See *In the Interest of D. H.*, 285 Ga. 51, 53 (2) (673 SE2d 191) (2009); *Lucas v. State*, 284 Ga. App. 450, 452 (644 SE2d 302) (2007); *State v. Dukes*, 279 Ga. App. 247, 248 (630 SE2d 847) (2006). With respect to the first kind of encounter, one involving no coercion or detention, "police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave." *Dukes*, 279 Ga. App. at 248-249 (citation and punctuation omitted). "So long as a reasonable person would feel free to disregard the

---

[5] We are not so sure that the officers lacked a reasonable suspicion of criminal wrongdoing sufficient to permit an investigatory stop under *Terry v. Ohio*, 392 U. S. 1, 23 (88 SC 1868, 20 LE2d 889) (1968), when they first encountered White. When an officer sees a person "staggering and stumbling" in the street at 2:00 a.m., we think the officer may well have proper grounds to conduct an investigatory stop. But because the officers did not approach White in a coercive manner at first, no seizure occurred until they later subdued and arrested him, and we need not decide definitively whether the officers had adequate grounds for an investigatory stop.

police and go about his business, the encounter is consensual and no reasonable suspicion is required." *Lucas*, 284 Ga. App. at 452 (citation and punctuation omitted).

In this case, the initial contact between the officers and White was such an encounter. The officers did not seize White because there is no indication that they laid hands upon him, commanded him to stop, or created the impression that White could not just walk away. To the contrary, the officers simply approached White in a public place and questioned him, which they were entitled to do. See *Dukes*, 279 Ga. App. at 249. When the officers lawfully approached and questioned White, the smell of alcohol on White's person, the stronger smell of alcohol emanating from his cup, and their earlier observations of White staggering and stumbling in the middle of the roadway gave the officers probable cause to arrest White for unlawfully walking upon the roadway while under the influence of alcohol.[6] See OCGA § 40-6-95. The cocaine and digital scales subsequently found in White's pockets were discovered pursuant to a lawful search incident to an arrest and were not, as argued by White, seized in violation of the Fourth Amendment. See *Miller v. State*, 221 Ga. App. 494, 496 (471 SE2d 565) (1996) (physical precedent only); *Clark v. State*, 212 Ga. App. 486, 488 (441 SE2d 885) (1994). Consequently, and as the court below properly concluded, any motion to suppress would have been without merit, and as a matter of law, an accused is not deprived of the effective assistance of counsel when his lawyer fails to file a motion that has no merit. See *Smith v. State*, 303 Ga. App. 831, 834 (2) (695 SE2d 86) (2010) (it is not deficient performance for counsel to fail to file frivolous motion); *Arnold v. State*, 253 Ga. App. 307, 308 (1) (560 SE2d 33) (2002) (same).

2. White contends that the evidence adduced at trial is insufficient to sustain his convictions. We do not agree. When we consider the sufficiency of the evidence, we must ask whether any rational jury could find proof of guilt beyond a reasonable doubt in the evidence adduced at trial, viewing that evidence in the light most favorable to the verdict. *Ferguson v. State*, 307 Ga. App. 232, 233 (704 SE2d 470) (2010). And when we answer this question, we must bear in mind that it is the function of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. Id. So, if the record contains some competent evidence to prove each element of the crime of which the defendant was convicted, even if that evidence

---

[6] That the jury ultimately found White not guilty of violating OCGA § 40-6-95 is not determinative of whether the officers had probable cause to arrest him for that crime. See *Steinberg v. State*, 286 Ga. App. 417, 419 (1) (650 SE2d 268) (2007).

was controverted at trial, we must uphold the conviction. Id.

(a) *Possession with Intent to Distribute Cocaine.* White says the evidence does not sustain his conviction for possession with intent to distribute cocaine because there was some evidence that another man owned both the pants in which the cocaine was found and the cocaine found in a pocket of the pants, notwithstanding that White was wearing the pants at the time of his arrest. Apparently, this other man told police officers that White accidentally put on the man's pants, without knowing cocaine was in the pocket, after the two spent the night drinking. Nevertheless, one of the officers testified that, in his opinion, the statement of the other man was difficult to believe because the other man was much smaller than White and the pants, therefore, would have been "twice too big" for the other man. Moreover, after this officer asked the other man to speak with someone on the drug task force, the man refused to give a taped interview about the pants, and he failed to appear at White's trial despite being subpoenaed. The jury was entitled to disbelieve the statement of the other man, especially considering that the man refused to give a formal, taped statement and refused to appear and testify at White's trial. The evidence was sufficient to enable a rational jury to conclude beyond a reasonable doubt that White possessed the cocaine in the pants he was wearing at the time of his arrest. See *Johnson v. State*, 281 Ga. App. 7, 8-9 (1) (635 SE2d 278) (2006) (jury entitled to disbelieve defendant's claim that pants containing contraband in the pocket did not belong to him).

White also says that the State failed to prove beyond a reasonable doubt that the substance in the bag in his pants contained cocaine. White notes that the State only introduced testimony from one of two forensic chemists who were involved in testing the substance to verify it was cocaine, and without testimony from the second chemist, White argues, the evidence did not prove that the substance was cocaine. This argument is completely without merit. After being qualified as an expert witness, one chemist described the testing of the substance and the procedures and policies that the laboratory uses to ensure that the test results are reliable. She further testified that she prepared samples of the substance for testing, that the substance was tested in accordance with lab procedures, that the crime lab ran two different tests on the substance (one that she personally ran), that the results were peer reviewed, and that, in her opinion, the substance found in White's pocket consisted of 10.36 grams of cocaine.[7] This evidence, coupled

---

[7] We also note that White never objected to the testimony of this forensic chemist on the grounds that she could not testify about the test actually conducted by the other chemist.

with the testimony of the drug task force officer about the field test that indicated the presence of cocaine, was sufficient to permit a rational trier of fact to find White guilty beyond a reasonable doubt of possession of cocaine with intent to distribute.[8] See *Davis v. State*, 304 Ga. App. 355, 364 (7) (696 SE2d 381) (2010).

(b) *Obstruction of a Law Enforcement Officer.* White also argues that the evidence is insufficient to sustain his conviction for felony obstruction of a law enforcement officer because, he says, the evidence does not show that the officers were engaged in the lawful discharge of their duties at the time the alleged obstruction occurred or that White "offered or did violence" to the officers. This contention has no merit. A person commits felony obstruction of a law enforcement officer when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer." OCGA § 16-10-24 (b). As we found in Division 1, the officers had probable cause to arrest White, so they were in the lawful discharge of their official duties at the time of the obstruction. See *Mack v. State*, 305 Ga. App. 697, 698-699 (2) (700 SE2d 685) (2010). And the evidence adduced at trial shows that White bit both officers and kicked one several times in the abdomen as they were attempting to arrest him, so it clearly establishes that White was "offering or doing violence" to the officers at the time of the obstruction. See *Gillison v. State*, 254 Ga. App. 232, 232-233 (1) (561 SE2d 879) (2002) (kicking at officer and making verbal threats authorized felony obstruction conviction).

3. We turn next to the contention that the trial court erred when it denied a request to charge the jury on misdemeanor obstruction as a lesser included offense. We conclude that such a charge was not warranted by the evidence. "While misdemeanor obstruction is a lesser included offense of felony obstruction, where the evidence shows completion of the greater offense, it is not necessary for the court to charge on a lesser included offense." *Williams v. State*, 301 Ga. App. 731, 733-734 (4) (a) (688 SE2d 650) (2009) (citations and

White only objected later, when the State tendered the bag of cocaine as evidence. Even if this objection had been upheld, the testimony of the chemist that the bag, in fact, contained cocaine, as well as the testimony of the officer that the same bag tested by the crime lab had been seized from White on the night of his arrest, came into evidence without objection.

[8] The fact that this chemist did not personally load the samples into the machine or personally perform one of the tests does not demand a different result. The chemist testified that she unloaded the samples, that she performed a number of checks and balances to ensure the samples were in the right location at the right time, and that she reviewed all the standards and sequencing before concluding that the substance was cocaine. We have said before that an expert need not testify to the validity of every step that went into the formulation of his results and may base his opinion on data collected by others. See *Haywood v. State*, 301 Ga. App. 717, 722 (3) (689 SE2d 82) (2009).

punctuation omitted). And, as we said in Division 2 (b), the evidence here plainly shows the completion of the greater offense, obstruction that involves "offering or doing violence" to an officer. We cannot accept the contention that "there is a question of fact as to whether kicking and biting constituted violence for the purposes of felony obstruction." We have said before that kicking at an officer amounts to felony obstruction. See *Gillison*, 254 Ga. App. at 232-233 (1). This claim of error lacks merit.

4. In a one-paragraph argument, White asserts the trial court erred when it refused to strike a juror for cause because the daughter-in-law of this juror served on the grand jury that indicted White. White, without citing any authority, claims the juror was ineligible to serve on the jury due to her relationship to the grand juror. We disagree. There is no rule that a trial juror cannot be related to a grand juror in the same case. See *King v. State*, 273 Ga. 258, 270-271 (24) (539 SE2d 783) (2000) (court did not abuse discretion in denying motion to strike juror whose husband served on grand jury that indicted defendant). And White had the opportunity to explore whether the juror had discussed the case with her daughter-in-law and thereby had formed any opinions about the case. Yet, White points us to no evidence in the record showing any bias on the part of the juror. In fact, the juror testified that she was not even aware of the fact that her daughter-in-law had been on a grand jury until she saw something with her name on it—presumably the indictment itself—in the jury room. She further testified that she could be fair and impartial in this case. Accordingly, the trial court did not abuse its discretion in refusing to strike the juror for cause. See id.

5. The trial court did not err in admitting testimony that the substance found in the bag in White's pants was cocaine. As we said in Division 2 (a), a forensic chemist testified that the substance found was, in fact, cocaine. While the State did not introduce testimony from another technician who performed one of the two tests that identified the substance as cocaine, that does not invalidate the testimony from the technician who did testify as to this fact given the circumstances and evidence in this case. See *Haywood v. State*, 301 Ga. App. 717, 722 (3) (689 SE2d 82) (2009). And White never timely objected to the testimony of the forensic chemist who appeared at trial and testified. This enumeration of error lacks merit.

6. In his final enumeration of error, White argues that an officer improperly was allowed to testify that the digital scales found in White's pocket had "what appears to be cocaine residue on it." White objected that "there has been no testimony at all that any substance [on the scales] was tested for cocaine." That is true enough, of

course, but as the trial court correctly observed, the officer did not say that the substance was, in fact, cocaine residue or had tested positive for cocaine. Instead, he simply said that it had the appearance of cocaine residue. And White did not object that the officer had no basis on which to opine that the substance had the appearance of cocaine residue, nor did he voir dire the officer on his experience with cocaine residue. It appears, therefore, that the objection made at trial was without merit, and White cannot raise a new objection on appeal. See *Richardson v. State*, 277 Ga. App. 429, 431 (4) (626 SE2d 518) (2006) (argument waived where ground for objection raised on appeal is different from ground raised at trial).

In any event, even assuming that it was improper for the officer to testify that the digital scales found in White's pocket "appears to" have cocaine on it, we conclude that any error in allowing the testimony was harmless. When the officer gave this testimony, an expert already had testified that the substance in the bag also found in White's pocket was, in fact, 10.36 grams of cocaine. Cf. *Scott v. State*, 219 Ga. App. 906, 909 (4) (467 SE2d 348) (1996) (any error in permitting officer to testify, without first being qualified as an expert, that substance acquired from defendant in undercover buys appeared to be cocaine was harmless because qualified expert had earlier testified that substance was, in her opinion, cocaine). It is highly probable that the testimony that cocaine residue appeared to be on the scales had no effect on the outcome of the case, and White offers us no reason to conclude otherwise.[9] See id.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED JUNE 30, 2011.

■

*John G. Edwards*, for appellant.

*Joseph K. Mulholland, District Attorney, Charles E. Rooks, Assistant District Attorney*, for appellee.

---

[9] At the hearing on White's motion for new trial, his trial lawyer testified and was asked: "Do you think it would have affected the outcome of the case if the officer was not — had not testified about some alleged cocaine residue on a set of scales?" The trial lawyer responded: "No."