**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.** **http://www.gaappeals.us/rules/**

**February 28, 2014**

# In the Court of Appeals of Georgia

A13A1982. GILLILAND v. THE STATE.

MCFADDEN, Judge.

Grady Edward Gilliland was convicted of felony shoplifting for taking a cellular phone from a retail cellular phone store. He argues on appeal that the trial court erred in denying his motion for directed verdict and in giving two jury charges to which he failed to object at trial. As detailed below, we find that the evidence was sufficient to support his conviction and that Gilliland has not shown that the jury charges constituted plain error. Accordingly, we affirm.

1. *Directed verdict.*

Gilliland argues that the trial court erred in denying his motion for directed verdict on the shoplifting offense, because the state did not present evidence that he committed the offense of shoplifting in the manner alleged in the accusation against

him. Under OCGA § 16-8-14, a person commits the offense of theft by shoplifting, among other ways,

> when such person alone or in concert with another person, with the intent of appropriating merchandise to his or her own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment.

OCGA § 16-8-14 (a) (1). In the accusation, however, the state accused Gilliland of committing shoplifting by taking possession of the phone, but not of concealing it.

We review the denial of a motion for directed verdict under the same standard as that for reviewing the sufficiency of the evidence to support a conviction. *Haney v. State*, 261 Ga. App. 136, 137 (1) (581 SE2d 626) (2003). "Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (citations omitted). In this case, we apply that standard to determine whether the state presented sufficient evidence to show that Gilliland took possession of the phone, as alleged in the accusation.

Viewed in the light most favorable to the jury's verdict, the evidence showed that on January 8, 2011, a display model of a cellular phone disappeared from a retail

cellular phone store. Although it was a display, the phone had service and could be used. According to a store sales representative, that model of phone sold at retail for between $450 and $500.

A video surveillance recording that was played to the jury showed a man standing near the phone for several minutes, "working, playing with it, [and] operating it." Trial witnesses pointed out a place on the recording that depicted the man detaching the phone from the display stand and placing it in his pocket.

The man shown on the surveillance recording had done business with the store earlier that day, and store employees were able to identify him as Gilliland both on the day of the theft and later at trial. The store owner provided the police with Gilliland's name and contact information, and the investigating detective arranged with Gilliland to meet on the afternoon of January 19, 2011 to discuss "an incident that occurred at the . . . store." The afternoon of January 19, Gilliland called the detective to confirm the meeting. Also that afternoon, another man went to the cellular phone store and spent some time sitting in a chair in the store's service waiting area. His behavior caught the attention of store employees, and after he left the store, employees discovered the missing phone under the chair where he had been

3

sitting. The store owner testified that the phone had been missing from the store between January 8 and January 19.

Gilliland argues that this evidence was insufficient because it showed only that he concealed the phone, not that he took possession of it as alleged in the accusation. We disagree. The state introduced circumstantial evidence that Gilliland took possession of the phone, namely that he removed it from its display stand and placed it in his pocket on January 8, that from that point until January 19 the phone was missing from the store, and that on January 19 the phone reemerged in the store, apparently having been left there by another person around the time that Gilliland was scheduled to meet a police detective to talk about the case. From this circumstantial evidence, "the jury could have concluded that [Gilliland] removed [the phone] from the store without paying for [it], thereby taking possession of [the phone] for [his] own use without paying for [it] within the meaning of the statute." *Sustakovitch v. State*, 273, 274-275 (1) (290 SE2d 77) (1982), overruled in part on other grounds by *Catoosa County v. R. N. Talley Properties*, 282 Ga. 373, 374 (651 SE2d 7) (2007). See former OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall

4

exclude every other reasonable hypothesis save that of the guilt of the accused.")[1];

*Haney*, 261 Ga. App. at 138 (1) ("Whether or not in a given case circumstances are sufficient to exclude every other reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury.") (citations and punctuation omitted).

2. *Jury charges.*

Gilliland claims that the trial court erred in two of its charges to the jury. He argues that a charge setting forth the elements of shoplifting erroneously instructed the jury that the offense could be committed in a manner not alleged in the accusation against him, and that a supplemental charge, given in response to a question from the jury, erroneously instructed the jury that it could consider the wholesale value of the phone taken from the store. Gilliland did not object to either charge at trial, and as detailed below, we find no plain error in either charge.

(a) *Application of plain error analysis.*

Because Gilliland did not object at trial to either of the jury charges that he now claims were error, we analyze them only for plain error as provided for in OCGA § 17-8-58. Under that Code section, a party's failure to object to a portion of the jury

---

[1] This rule is now codified as OCGA § 24-14-6.

charge "shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the [trial] court's attention[.]" OCGA § 17-8-58 (b). See *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011) (under OCGA § 17-8-58 (b), whenever a party asserts on appeal an error in jury instructions, "appellate review for plain error is required"). In reviewing for plain error,

> the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings. If all three of these questions are answered in the affirmative, the appellate court has the discretion to reverse if the error seriously affects the fairness, integrity, or public reputation of the proceedings below. Satisfying all four prongs of this standard is difficult, as it should be.

Id. at 33 (2) (a) (citations and punctuation omitted). Gilliland has not shown plain error because he has not shown that either allegedly erroneous charge likely affected the outcome of the proceedings.

(b) *Charge on elements of shoplifting.*

Gilliland argues that the trial court erred in instructing the jury that it could find him guilty of shoplifting in a manner not alleged in the accusation. See *Levin v. State*,

6

222 Ga. App. 123, 127 (6) (473 SE2d 582) (1996) (where court charges jury that offense can be committed in two manners, and reasonable probability exists that jury convicted defendant of committing offense in manner not charged in indictment, "error is sufficiently egregious to preclude a finding that it was waived even if [defendant] failed to except to the charges") (citations omitted). The accusation specified the manner by which the crime was committed. It alleged that Gilliland committed the offense of shoplifting "by taking possession of merchandise with a value greater than $300.00 from a retail establishment, to wit: [the cellular phone from the store], with the intent of appropriating said merchandise to his own use, and without paying for said merchandise[.]" But in defining the offense of shoplifting in its charge to the jury, the trial court quoted the statutory elements of the offense, which set out an alternative manner by which the crime can be committed. He instructed them that "[t]he [s]tate has to prove beyond a reasonable doubt that the defendant . . . with the intent of appropriating merchandise to his own use without paying for the same *concealed or* took possession of the telephone described in this accusation and that the telephone was worth more than $300." (Emphasis supplied.) See OCGA § 16-8-14 (a) (1); see also former OCGA § 16-8-14 (b) (1) (addressing

7

minimum value of taken merchandise required for felony conviction at time of Gilliland's conviction).

It is true that "if a jury charge recites the entire statutory definition of a crime and the indictment [or accusation] does not, the deviation may violate due process unless a limiting instruction is given." *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995) (citation omitted). Here, however, the trial court did give instructions that limited the jury's consideration to the manner of shoplifting alleged in the accusation. In its charge to the jury, the trial court read the language of the accusation and instructed the jury that "[t]he burden of proof rests upon the [s]tate to prove every material allegation of the indictment or accusation *and* every essential element of the crime charged beyond a reasonable doubt." (Emphasis supplied.) The accusation also went out with the jury during the deliberations. Under these circumstances, "[v]iewing the charge in its entirety, it [was] not misleading." *Simmons v. State*, 207 Ga. App. 171, 172 (427 SE2d 560) (1993) (citation omitted). See also *Diaz v. State*, 194 Ga. App. 577, 579 (2) (391 SE2d 140) (1990).

(c) *Charge on value of phone.*

Gilliland argues that the trial court erred in its instructions to the jury concerning how to determine the value of the phone. The value of the merchandise

taken affects the classification of the offense as a felony or misdemeanor, and under the version of the statute in effect at the time of Gilliand's conviction, a person convicted of shoplifting would be punished as for a felony if the value of the property at issue exceeded $300. See former OCGA § 16-8-14 (b) (1). See also OCGA § 16-8-14 (b).

In its initial charge to the jury, the trial court instructed that "[i]n all cases involving theft by shoplifting, the term 'value' means the actual retail price of the property at the time and place of the offense." This correctly tracked the statutory definition of "value" found in OCGA § 16-8-14 (c). During its deliberations, however, the jury asked if the phone would have a lower value if it were a display model that was not for sale. The trial court responded:

> The fact of whether the phone was a display or not to be sold or whatever does not determine its value. It's the value of that phone or instrument if it were to be sold because that would be an option to the owner. But it has a value, you know. You can look at the testimony as to possibly what was paid for it rather than just what it was to be sold for. But no, it doesn't have to be sold. It's there and it has a value.

Gilliland argues that this additional instruction erroneously allowed the jury to consider the phone's wholesale rather than its retail value.

9

Assuming without deciding that the instruction was inaccurate, Gilliland has not shown that it affected the outcome of the proceedings, and consequently he has not shown plain error. The trial court instructed the jury that, in order to prove a felony, the state had to demonstrate beyond a reasonable doubt that the phone had a minimum retail value of at least $300. The state presented evidence from one of the store's sales representatives that the type of phone at issue had a retail value greater than that minimum amount. And although the state also presented evidence of the amount the store paid for the phone (its wholesale value), that amount also exceeded $300.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*