**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 20, 2014**

# In the Court of Appeals of Georgia

A14A0764. CARLSON v. THE STATE.

McFADDEN, Judge.

After a jury trial, Chris David Carlson was convicted of felony obstruction of an officer, driving with a suspended or revoked license, and misdemeanor obstruction of an officer. He appeals the felony obstruction conviction, arguing first that the trial court committed plain error in its response to a question from the jury about the elements of that offense. Pretermiting the merits of Carlson's analysis of the elements of felony obstruction, we conclude that he is not entitled to reversal under a plain error analysis because it is not highly probable that any error in the response affected the outcome of the proceedings. He also argues that the trial court erred by failing to instruct the jury on misdemeanor obstruction as a lesser included offense of felony obstruction. But as the evidence shows completion of the greater offense of felony

obstruction, we conclude that the trial court did not err in failing to charge on misdemeanor obstruction as a lesser included offense. We therefore affirm Carlson's convictions.

1. *Facts.*

Viewed in the light most favorable to the verdict, *Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013), the evidence shows that a Cobb County police officer was on patrol when a Ford Explorer changed lanes in front of him without signaling. The officer ran the Explorer's license tag and determined that the tag belonged to a Lexus, so he stopped the vehicle. Carlson was driving.

Carlson exited the vehicle, and the officer ordered him to get back in. Instead of complying with the officer's order, Carlson ran. The officer chased after him. Carlson jumped over a fence, the officer followed, and they both fell. The officer attempted to arrest Carlson, but he resisted, punching and kicking the officer. Carlson escaped, ran off again and jumped over a retaining wall. The officer followed and reached Carlson. Carlson punched the officer in the face and kicked him. When the officer tried to handcuff Carlson, Carlson grabbed the handcuffs, threw them and ran off. The officer followed. The two rolled down an embankment, and Carlson continued to kick and punch the officer. The officer was able to straddle Carlson.

2

Carlson grabbed a rock or a brick, which the officer thought Carlson was going to use to strike him, so the officer sprayed Carlson with pepper spray. At that point, Carlson complied with the officer's commands, and the officer was able to handcuff him, using his second set of handcuffs. The state introduced photographs of the bruises and scratches the officer sustained during the altercation.

This evidence was sufficient to support the conviction of felony obstruction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See OCGA § 16-10-24 (b) ("Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer. . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer . . . is guilty of a felony[.]"); *Smith v. State*, 294 Ga. App. 579, 581 (1) (669 SE2d 530) (2008) (violently struggling with officers during their attempt to arrest an accused suffices to show that the accused offered or did violence to the officers and supports a felony obstruction conviction).

2. *Claim of plain error in the trial court's response to a question from the jury about the elements of felony obstruction.*

Carlson enumerates as error the trial court's response to a question from the jury about the elements of felony obstruction. That response, Carlson argues,

3

conflates two distinct elements of the offense: "first, the accused must offer violence or do violence to the officer; and second, the offer or violence must resist, obstruct, or oppose the officer in the lawful discharge of his official duties." Cf. OCGA § 16-10-24 (b) ("Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years."). But as Carlson did not object to the response at the time it was given, his burden is to show plain error. Even if Carlson's analysis of the statute is correct and the trial court's response was erroneous – and we do not hold or imply that this is so – Carlson cannot meet that burden.

During deliberations, the jury asked, "Can pulling away from the officer's grasp to resist arrest be defined as offering and doing violence to the officer? Yesterday's explanation failed to link the act of resisting an officer's attempt to subdue him with offering and doing violence." The trial court consulted with the

4

prosecuting attorney and with defense counsel about how to respond. She then charged the jury that:

> In a lawful arrest, an officer has the right to use that force reasonably necessary to effect the arrest, and the Defendant does not have a right to resist the use of such reasonable force. To constitute obstruction of an officer as set out in count one, actual injury to the alleged victim need not be shown. It's only necessary that the evidence show beyond a reasonable doubt that the defendant offered to or did violence to the officer.
>
> Under this statute, the word "doing violence" means physically resisting. Now, with that said, you are to consider all the law you've been given in this case, all the facts you've been given in this case in reaching your verdict.

Carlson argues that the court's response that "the word 'doing violence' means physically resisting" eliminated the requirement that the jury find that Carlson committed violence and instead authorized a guilty verdict for felony obstruction based upon a finding that Carlson physically resisted the officer, even if that physical resistance was not violent.

Since defense counsel did not object at trial, Carlson must meet the plain error standard, which is set out at OCGA § 17-8-58 (b). Under that standard, "we must

5

determine whether there is an error that has not been affirmatively waived, is clear and obvious, affects the defendant's substantial rights, and seriously affects the fairness, integrity or public reputation of the judicial proceedings." *Norton v. State*, 293 Ga. 332, 336 (6) (745 SE2d 630) (2013) (citations and punctuation omitted). Assuming without deciding that Carlson satisfied the other factors, "he cannot show that the court's instruction affected his substantial rights which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings." Id. at 336-337 (6) (citation and punctuation omitted).

Given the evidence that Carlson's physical resistance to the officer's attempts to arrest him was violent physical resistance, we find it highly unlikely that the jury found Carlson guilty of felony obstruction for physically resisting the officer in a non-violent way. The state presented unrebutted evidence that Carlson repeatedly, willfully resisted the officer's attempt to arrest him by punching and kicking the officer. In other words, the state presented evidence that first, Carlson did violence to the officer; and second, that the violence obstructed the officer in the lawful discharge of his official duties, as Carlson asserts was required. Moreover, the trial court previously had instructed the jury on the statutory definition of the crime, gave the jury the indictment to read, and instructed the jury that the state had the burden

of proving every material allegation of the indictment. And when giving the challenged charge, the court reminded the jury that it was to consider all the law it had been given.

Carlson has not shown that it is highly probable that the allegedly inaccurate instruction affected the outcome of the proceedings. See *Gilliland v. State*, 325 Ga. App. 854, 857-858 (2) (c) (755 SE2d 249) (2014). See also *Hicks v. State*, 287 Ga. 260, 264 (4) (695 SE2d 195) (2010) (no plain error where highly probable that challenged jury charge did not contribute to verdict); *Rouen v. State*, 312 Ga. App. 8, 10 (2) (717 SE2d 519) (2011) (citations omitted) (in light of overwhelming evidence, highly probable that the absence of an instruction on accident did not contribute to the verdict). He therefore has not established plain error entitling him to reversal.

3. *Refusal to charge on the lesser included offense of misdemeanor obstruction.*

Carlson argues that the trial court erred by failing to charge the jury on misdemeanor obstruction as a lesser included offense of felony obstruction. See OCGA § 16-10-24 (a) ("Except as otherwise provided in subsection (b) of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a

7

misdemeanor."). But because the evidence showed completion of the greater offense of felony obstruction of an officer, the trial court was not required to charge the jury on the lesser included offense of misdemeanor obstruction of an officer. *White v. State*, 310 Ga. App. 386, 390-391 (3) (714 SE2d 31) (2011); *Williams v. State*, 301 Ga. App. 731, 733-734 (4) (a) (688 SE2d 650) (2009).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.