Boggs, Judge.
A jury found Marcus Terrell Quiller guilty of aggravated assault, burglary, and possession of a firearm during the commission of a felony. Following the denial of his amended motion for new trial, Quiller appeals, asserting as his sole enumeration of error that the trial court committed reversible error by improperly commenting on the evidence during preliminary instructions in violation of OCGA § 17-8-57. We discern no reversible error and therefore affirm.
Quiller argues that during preliminary instructions to the jury, the trial court erred in stating the following:
Now ladies and gentlemen, you’ve been through the first part of a trial, and that’s the selection of a jury. I’m going to tell you a little bit about the rest of the trial because it’s not like it is on TV. It is not like Law & Order, where they try a case in 30 minutes. It’s not going to be tried in 30 minutes. We hardly can get started in 30 minutes. So I want to tell you that.
It’s not like CSI where they are going to have all these little lights and all of these things where they go in and see all sort of stuff that you can’t see with a naked eye; or they have fingerprints or those kinds of things. I don’t know what’s going to come out in this case. But a lot of times — or very seldom do those kind of things come up in a case.
Occasionally, if you have a gun fired at somebody, you may have some expert that talks about a — a doctor that comes in and talks about how they may have had what they call stippling close to the — that gets on a person’s hand that shot the gun or other things — those kind of things. You may have ballistic experts. You very seldom have fingerprint testimony in a case. Fingerprints are very hard to get. You cannot get them off of just anything. Even when they are, *207 they sometimes — so what I’m trying to tell you is you’ve got to forget about all this stuff you see on TV and just take the stuff that you see here in the courtroom.
(Emphasis supplied.) Quiller argues that the court’s statement concerning fingerprint evidence “informed or intimated to the jury the trial court’s opinion as to a critical element of the State’s case, thereby potentially influencing jurors in their evaluation of whether the State has met its burden of proof at trial.” He asserts that there were points during trial where there was testimony concerning fingerprints at the scene.
Quiller was tried in 2009 and his motion for new trial was ruled upon in April 2015, during which time former OCGA § 17-8-57 provided:
It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.
This Code section was amended effective July 1, 2015 (Ga. L. 2015, p. 1050, § 1) (before the transfer of Quiller’s appeal to this court from the Supreme Court of Georgia) and now provides:
(a) (1) It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge’s opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused.
(2) Any party who alleges a violation of paragraph (1) of this subsection shall make a timely objection and inform the court of the specific objection and the grounds for such objection, outside of the jury’s hearing and presence. After such objection has been made, and if it is sustained, it shall be the duty of the court to give a curative instruction to the jury or declare a mistrial, if appropriate.
(b) Except as provided in subsection (c) of this Code section, failure to make a timely objection to an alleged violation of paragraph (1) of subsection (a) of this Code *208 section shall preclude appellate review, unless such violation constitutes plain error which affects substantive rights of the parties. Plain error may be considered on appeal even when a timely objection informing the court of the specific objection was not made, so long as such error affects substantive rights of the parties.
(c) Should any judge express an opinion as to the guilt of the accused, the Supreme Court or Court of Appeals or the trial court in a motion for a new trial shall grant a new trial.
The purpose of this section is to keep the jury from being influenced by the judge’s opinion, see Morton v. State, 132 Ga. App. 329, 330 (1) (208 SE2d 134) (1974) (citing former Ga. Code Ann. § 81-1104), and it applies to statements made by the judge during preliminary instructions. See Sales v. State, 296 Ga. 538, 541 (2) (a) (769 SE2d 374) (2015). Here, the trial court erred in expressly informing the jury, prior to the presentation of evidence, of its opinion of fact: that fingerprint testimony is rarely presented at trial and that fingerprint evidence is “very hard to get.” See id. Faced with this error, we must determine the proper standard for our appellate review.
Although Quiller was tried prior to the amendment to OCGA § 17-8-57, the State argues that the newly amended version is nevertheless applicable here because it is a “procedural law” that should apply retroactively The Supreme Court of Georgia has alluded to such an application of subsection (b) of OCGA § 17-8-57. Pyatt v. State, 298 Ga. 742, 747 (3) n. 9 (784 SE2d 759) (2016).[1] Both the former and current versions of OCGA § 17-8-57 provide that it is error for the trial court to express or intimate his opinion about what has or has not been proved.[2] Under the former version, however, such an error required an automatic reversal and a new trial. Under the newly revised Code section, in contrast, the trial court must provide a curative instruction or declare a mistrial only where the error has been objected to, OCGA § 17-8-57 (a) (2); and the failure to object to the error at trial precludes appellate review unless such violation constituted plain error. OCGA § 17-8-57 (b).
As the Supreme Court of Georgia explained, revised OCGA § 17-8-57 “is not limited expressly to cases tried on or after its effective *209 date. See Ga. L. 2015, p. 1050, § 1. And as we have noted, unless the statutory law indicates otherwise, an appellate court [typically] applies the law as it exists at the time its opinion is rendered.” (Citations and punctuation omitted.) Pyatt, supra, 298 Ga. at 747 (3) n. 9. The Supreme Court noted further that subsection (b) “applies not to proceedings in the trial court, which, in this case, predated the amendment. Rather, that provision is specifically directed to appellate review.” Id., citing United States v. Nunemacher, 362 F3d 682, 686 (10th Cir. 2004) (“new standard of appellate review applied, notwithstanding that it was adopted after the proceedings in the trial court were concluded”). Pyatt, supra, 298 Ga. at 747 (3) n. 9. For this reason, we hold that subsection (b) of newly amended OCGA § 17-8-57 should be given retroactive effect.[3]
Furthermore, I disagree with the dissent’s position that the new rule is aimed at regulating conduct at trial and that the relevant conduct to be analyzed is trial counsel’s objection or the failure to object. As explained above, subsection (b) is not aimed at regulating any conduct at trial, but is rather aimed at our standard of review on appeal of an error already made at trial. Under the old rule or the new rule of subsection (b), the improper statement has already occurred, and the legislature has now determined that plain error is the proper after-the-fact review of the impact of such an improper statement.
Under subsection (b) then, we analyze whether, in the absence of an objection, the trial court’s improper statement constitutes plain error. “Under that standard, we must determine whether there is an error that has not been affirmatively waived, is clear and obvious, affects the defendant’s substantial rights, and seriously affects the fairness, integrity or public reputation of the judicial proceedings.” (Citation and punctuation omitted; emphasis supplied.) Carlson v. State, 329 Ga. App. 309, 311 (2) (764 SE2d 890) (2014). But assuming without deciding that Quiller satisfied the other factors, he “cannot show that the court’s instruction affected his substantial rights which in the ordinary case means he must demonstrate that it affected the *210 outcome of the trial court proceedings.” Id.; see Shaw v. State, 292 Ga. 871, 873 (2) (742 SE2d 707) (2013).
After the trial court made the improper statements of fact, he properly instructed the jury that:
The State has the burden of proof. You’ve already heard that a couple of times. It’s totally up to the State to prove the defendant is guilty of the crimes that he’s charged with, each one separately, beyond a reasonable doubt.
The defendant doesn’t have to prove anything. He doesn’t have to put up any evidence. He doesn’t have to testify. He doesn’t have to do anything. The only people that have to absolutely put up any evidence is the State.
And the evidence showed that after Quiller entered the victims’ home at gunpoint with two other men, the occupants of the home struggled with him and held him down until police arrived. So any fingerprint evidence would not have been vital to placing him at the scene of the crime. Moreover, the detective testified that the crime lab was unable to recover fingerprints from the weapon used in the crimes, and that “[i]t’s actually few and far between that we are able to lift a fingerprint that we can use.”
Under these circumstances, Quiller has not shown that it is highly probable that the court’s error affected the outcome of the court proceedings. See Carlson, supra, 329 Ga. App. at 311 (2) (where court charged jury that “doing violence” meant “physically resisting,” defendant argued that the instruction eliminated requirement that jury find he committed violence, but no plain error because evidence showed violent physical resistance and court instructed jury on statutory definition of crime and read indictment to jury); Moore v. State, 286 Ga. App. 313, 317 (2) (649 SE2d 337) (2007) (even if court’s comment was improper, statement was immediately followed with comprehensive charge on State’s burden of proof). He has therefore failed to show that the trial court’s improper statement constitutes plain error requiring us to reverse.

Judgment affirmed.

Doyle, C. J., Andrews, P. J., Ellington, P. J., Dillard, Ray, Branch, McMillian, Rickman, Mercier and Peterson, JJ., concur. Barnes, P. J., Miller, P. J., Phipps, P. J., and McFadden, J., dissent.

 Although our Supreme Court concluded “because there is no reversible error in this case even under the former version of the statute, we need not decide whether the 2015 amendment properly applies,” we find the court’s reasoning on this issue persuasive.

 What has also remained the same is automatic reversal and a new trial when the trial “judge express [es] an opinion as to the guilt of the accused." (Emphasis supplied.) OCGA § 17-8-57 (c).

 We therefore overrule Alday v. State, 336 Ga. App. 508 (784 SE2d 860) (2016) (physical precedent only) in which former OCGA § 17-8-57 was applied rather than current OCGA § 17-8-57 (b). We also disapprove of the following cases to the extent that they could be relied upon to stand for the proposition that OCGA § 17-8-57 (b) should be applied prospectively: Mitchell v. State, 337 Ga. App. 841 (789 SE2d 797) (2016); Marlow v. State, 337 Ga. App. 1 (785 SE2d 583) (2016); King v. State, 336 Ga. App. 531 (784 SE2d 875) (2016); Weaver v. State, 336 Ga. App. 206 (784 SE2d 61) (2016) (physical precedent only); Sneiderman v. State, 336 Ga. App. 153 (784 SE2d 18) (2016); Williams v. State, 336 Ga. App. 64 (783 SE2d 666) (2016); Bolden v. State, 335 Ga. App. 653 (782 SE2d 708) (2016); Wallace v. State, 335 Ga. App. 232 (779 SE2d 130) (2015); Goulding v. State, 334 Ga. App. 349 (780 SE2d 1) (2015). We express no opinion here regarding the application of OCGA § 17-8-57 (a) (2) on appeal.