**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 9, 2024**

# In the Court of Appeals of Georgia

A24A0518. EBERSOLE v. THE STATE.

WATKINS, Judge.

A jury found Johnny L. Ebersole guilty of criminal attempt to commit rape and two counts of aggravated assault.[1] Ebersole appeals following the denial of his motion for new trial. He argues that the trial court erred for admitting his prior conviction for child molestation, for overruling his objection to the State's mention of the child victim's age when the same was not in evidence, for failing to grant a mistrial when the State improperly commented on the exercise of his right to remain silent during closing, and for admitting prejudicial evidence of his interest in tarot cards and "the

---

[1] See OCGA § § 16-4-1; 16-6-1 (a) (1); 16-5-21 (a) (1), (3).

devil." He also contends that the cumulative effect of these errors warrant a new trial. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor determine witness credibility, which are tasks that fall within the exclusive province of the jury, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that Ebersole and the victim had been in a romantic relationship for a few weeks as of September 2020. The victim did not have a stable residence at the time, so she would often come to Ebersole's home and sleep in his room with him. On occasion the victim had consensual sex with Ebersole in his room. On the night of September 22, 2020, the victim went to Ebersole's home with a beer he had requested and Ebersole warmed her up a plate of food. The pair went into Ebersole's room where Ebersole became aggressive. Ebersole demanded the victim have sex with him and wanted her to take off her clothes. The victim responded that she was not interested in sex and that she just wanted to finish her meal and lie

---

[2] (Citations omitted.) *Allison v. State*, 356 Ga. App. 256 (846 SE2d 222) (2020).

down. Ebersole was upset the victim would not have sex with him, so he told her to leave. The victim went outside to her car, but Ebersole followed her and told her to come back inside.

Once the victim was back in Ebersole's room his demeanor changed. He again told her to take her clothes off and again she refused. He told her multiple times that he was "the devil." Ebersole continued to demand sex while the victim refused, and he eventually pushed her down onto his bed. Ebersole then made the victim take her clothes off, and he held her down and choked her by putting his hands around her throat. The victim felt dizzy like she was going to pass out. Ebersole attempted to put his penis inside her vagina, but it did not go all the way inside. Ebersole again said that he was "the devil" and that he would kill her. Ebersole began chanting things and "sounded like a demonic something." The chanting was in a language the victim had never heard before. Eventually Ebersole told the victim to "just f*cking leave" and she got dressed and went crying to her car.

The victim did not call 911, but officers arrived on the scene. After being arrested, Ebersole told an officer "I curse you beyond measure." He also screamed

and started speaking in a strange language. Within the strange language Ebersole can be heard saying "Satan" and "Lucifer."

The victim did not have anywhere to stay that night, so Ebersole's mother, another resident of the house, invited the victim to stay the night in Ebersole's room. The victim lay in Ebersole's bed, but she could not sleep.

As a result of this event, Ebersole was indicted for criminal attempt to commit rape, aggravated assault for assaulting the victim while trying to rape her, and aggravated assault for strangling the victim. During the trial of the case, over Ebersole's objection, the State introduced into evidence a copy of a prior indictment for child molestation. The parties stipulated that the prior case had been resolved with an *Alford*[3] plea and that Ebersole had been sentenced in that case. The jury found Ebersole guilty of all three counts. Ebersole moved for a new trial, which was denied, and this appeal followed.

1. In three claims of error, Ebersole contends that the trial court erred in admitting evidence of his prior conviction for child molestation. We disagree.

---

[3] See *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LEd2d 162) (1970).

Our law is clear that a "trial court's rulings on the exclusion or admission of evidence are reviewed for a clear abuse of discretion."[4] With this principal in mind, we turn to Ebersole's specific claims of error.

*(a) Compliance with the statutory deadline to notify Ebersole of the State's intent to introduce a similar transaction*

Ebersole first contends that the trial court abused its discretion in admitting the similar transaction evidence because the State did not comply with OCGA § 24-4-413 as it did not timely produce incident reports or statements of the victim from the prior case. OCGA § 24-4-413[5] provides, in relevant part:

> (a) In a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant.

> (b) In a proceeding in which the prosecution intends to offer evidence under this Code section, the prosecutor shall disclose such evidence to the accused, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least ten

---

[4] *Davis v. State*, 301 Ga. 397, 399 (2) (801 SE2d 897) (2017).

[5] The State does not argue that the evidence was admissible pursuant to any other statute, so our analysis herein is limited to OCGA § 24-4-413.

days in advance of trial, unless the time is shortened or lengthened or pretrial notice is excused by the judge upon good cause shown.

Here, the State provided a notice of intent to present evidence of the prior similar transaction on February 25, 2022. In that notice, the State identified the prior conviction for child molestation and attached the indictment for the prior case to its notice. The State said that it intended to prove the prior transaction through the testimony of the child victim in that case. On April 15, 2022, Ebersole moved to exclude the evidence of the prior child molestation on the grounds that it was irrelevant and that the State had not complied with the notice requirement of OCGA § 24-4-413. Specifically, Ebersole contended that an incident report concerning the child molestation had been provided that day, which was only three days in advance of the trial. The parties argued the admissibility of the conviction before the start of the trial, and the trial court ruled that evidence of the similar transaction would be admissible. Although Ebersole maintained his objection to the admissibility of the evidence, the parties stipulated that the prior charge had been resolved through an *Alford* plea and that Ebersole had been sentenced on the charge.

Here, as outlined above, the State timely notified Ebersole of its intent to introduce evidence of the prior child molestation conviction and attached a copy of the indictment to the notice. Although no statements, reports, or other documents were timely provided, the only evidence ultimately admitted about the child molestation was the timely provided indictment and the parties' stipulation concerning the plea and sentencing. Accordingly, the only evidence presented to the jury was what had been provided to Ebersole more than ten days before trial, and thus the trial court did not abuse its discretion.[6]

*(b) Relevance of prior child molestation*

Ebersole contends that the evidence of the prior child molestation was irrelevant and unduly prejudicial and, thus, should not have been admitted.

At the outset, we recognize that OCGA § 24-4-413 is "a rule of inclusion, with a strong presumption in favor of admissibility, and proving a propensity to commit sex

---

[6] The partial reliance by the State and the trial court on Ebersole's pre-existing knowledge of his conviction as a basis for admitting the evidence, however, is improper. Presumably, most criminal defendants are aware of prior accusations of or convictions for sexual assault against them; nonetheless, OCGA § 24-4-413 states that "the prosecutor shall disclose such evidence to the accused" at least ten days in advance of trial.

crimes or an inappropriately lustful disposition are legally permissible purposes for admitting evidence of this sort."[7]

With regard to the relevance of the prior child molestation conviction, Ebersole contends that the crime of molestation is too dissimilar to the crime of attempted rape to be relevant, largely due to the age difference between the victims. "Evidence is relevant if it has '*any tendency*' to prove or disprove a fact, whereas the probative value of evidence derives in large part from the extent to which the evidence tends to make the existence of a fact more or less probable."[8] Prior commission of a sexual assault was "relevant to prove [Ebersole's] intent and lustful disposition in the current case, and to disprove his claim that the victim's allegation of [an attempted] forced sexual encounter was fabricated."[9]

---

[7] (Citations and punctuation omitted.) *State v. Ippisch*, 366 Ga. App. 501, 502 (883 SE2d 162) (2023).

[8] (Citation omitted; emphasis in original.) *McIver v. State*, 314 Ga. 109, 145 (3) (875 SE2d 810) (2022).

[9] *Robinson v. State*, 342 Ga. App. 624, 635 (4) (a) (805 SE2d 103) (2017) (holding that the trial court did not abuse its discretion in permitting evidence of prior attempted sexual assault in a trial where the defendant was charged with aggravated child molestation).

At the same time, in considering extrinsic evidence of another offense, the trial court must balance the relevance of the evidence against its potential to cause unfair prejudice to the defendant. This balancing requires a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness. On appeal, a trial court's decision to admit evidence of this nature is reviewed only for abuse of discretion.[10]

Exclusion pursuant to OCGA § 24-4-403

is an extraordinary remedy — particularly when the evidence is already strongly presumed to be admissible. Exclusion is appropriate only when the demonstrable probative value . . . is *substantially* outweighed by the danger of *unfair* prejudice. Not just a little outweighed, but substantially. And prejudice is not "unfair" simply because it tends to inculpate the defendant in an awful crime. Rather, it is unfair only if it creates an undue tendency to suggest decision on an improper basis such as an emotional one. Therefore, when applying [OCGA § 24-4-403] balancing to evidence of prior offenses of sexual assault, the court must take into account that such evidence is naturally prejudicial. However, generally, it is not unfairly prejudicial; rather it is prejudicial for the same reason it

---

[10] (Citations and punctuation omitted.) *State v. Berrien*, 364 Ga. App. 217, 225 (2) (874 SE2d 430) (2022).

is probative: it tends to prove the defendant's propensity to engage in sexual assault.[11]

When analyzing the probative value of a similar transaction, this Court has held that it "depends on two things: (1) the need to establish the fact for which the evidence is offered, which in turn depends on that fact's significance in the case and whether or not that fact is disputed, and (2) the 'marginal worth' of the evidence in establishing the fact, which depends on what other evidence is available."[12]

Here, the State had a strong prosecutorial need to establish that the victim's somewhat bizarre account – that Ebersole attempted to rape and strangle her while chanting about "the devil" – was credible. "The credibility of a witness is always a material fact in issue at a criminal trial."[13] The marginal worth of the similar transaction was high because there were no other witnesses to what happened in Ebersole's bedroom and Ebersole's defense was to attack the victim's credibility by

---

[11] (Citations and punctuation omitted; emphasis in original.) *Ippisch*, 366 Ga. App. at 504.

[12] *Berrien*, 364 Ga. App. at 226 (2) (b).

[13] *Marlow v. State*, 337 Ga. App. 1, 4 (1) (b) (785 SE2d 583) (2016), disapproved of on other grounds by *Quiller v. State*, 338 Ga. App. 206 (789 SE2d 391) (2016).

presenting evidence which conflicted with her testimony.[14] Ebersole's mother and the girlfriend of Ebersole's brother, who were both in the house on the night in question, collectively testified that Ebersole was a religious man who read the Bible frequently, that they did not hear any screaming by the victim through the thin walls of the house, that the victim only left the house once instead of twice, and that the victim told Ebersole's mother "I'm so sorry. I guess I ruined your son's life" after Ebersole was arrested. In essence, Ebersole's defense was that the victim fabricated the allegations so she could have a place to sleep that night after he kicked her out due to her refusal to have sex with him. "The State's extrinsic evidence that [Ebersole] had committed a [prior] sexual assault had the tendency to bolster the credibility of the victim by demonstrating that her circumstances were not unique."[15]

"On the other side of the ledger, the risk of unfair prejudice from this evidence is relatively low."[16] The only evidence provided to the jury was the indictment and the

---

[14] See *Berrien*, 364 Ga. App. at 226 (2) (b) ("Here, the issue of consent is both essential and disputed, so the need to establish this fact is strong. And the marginal worth of the other-act evidence is high because the other available evidence on consent just pits the victim's word against [the defendant's]).

[15] *Marlow*, 337 Ga. App. at 4 (1) (b).

[16] (Punctuation omitted.) *Berrien*, 364 Ga. App. at 227 (2) (b).

stipulation concerning the plea and sentencing. The jury heard no evidence detailing the child molestation other than the language from the indictment that Ebersole touched the vaginal area and breasts of a child. They did not hear from the child victim personally or learn any further details about what transpired between Ebersole and the child victim. Moreover, the jury was charged that, through his *Alford* plea to the child molestation charge, Ebersole "protest[ed] his innocence, but nonetheless [pled] guilty by knowingly, voluntarily[,] and understandingly consenting to the imposition of a sentence." Indeed, learning that Ebersole was actually sentenced for the child molestation minimized the prejudice of the evidence because it made "it less likely that the jury would want to punish [Ebersole] for this past conduct rather than the charged crimes."[17] Accordingly, we hold that the trial court did not abuse its discretion in admitting this relevant evidence pursuant to OCGA § 24-4-413.

*(c) Compliance with the Confrontation Clause*

Initially, Ebersole moved to exclude the admission of evidence concerning the child molestation conviction on the grounds that it was irrelevant, unduly prejudicial, and that the State did not give proper notice. Ebersole never objected to the evidence

---

[17] (Citation omitted.) *Brooks v. State*, 365 Ga. App. 711, 725 (5) (880 SE2d 226) (2022).

on the basis that it violated the Confrontation Clause. After the State rested, Ebersole moved for a mistrial, which was denied, on the ground that the introduction of the evidence violated the Confrontation Clause. This was the first mention of an argument based on the Confrontation Clause.

Ebersole's failure to move for a mistrial on this ground at the time the evidence was introduced means the denial of a mistrial is not preserved for appellate review. "To ensure appellate review of the denial of a motion for mistrial, a defendant generally must preserve the issue at trial. To do that, the defendant first must make a motion at the earliest opportunity in the trial court."[18] "If the defendant did not make a contemporaneous motion for a mistrial at the time the defendant became aware of the matter giving rise to the motion, then the defendant has waived review of this issue on appeal."[19]

---

[18] (Citations omitted.) *Bates v. State*, 317 Ga. 809, 818 (3) (b) (896 SE2d 581) (2023).

[19] (Citation and punctuation omitted.) *Thomas v. State*, 310 Ga. 579, 581 (2) (853 SE2d 111) (2020).

To the extent that Ebersole's claim of error seeks to assert an evidentiary objection to the introduction of the similar transaction based on the Confrontation Clause, Ebersole did not preserve ordinary appellate review.

> In order to preserve an objection for ordinary appellate review, *the specific ground* of the objection must be made at the time the challenged evidence is offered. . . . [Here, i]t is clear from the record that the . . . motion for mistrial [grounded on the Confrontation Clause was] not timely, as [it was] not made contemporaneously with the introduction of the [similar transaction] evidence but rather [after the State rested].[20]

Resultingly, we review this claim for plain error, and Ebersole "must point to an error that was not affirmatively waived, the error must have been clear and not open to reasonable dispute, the error must have affected his substantial rights, and the error must have seriously affected the fairness, integrity or public reputation of judicial proceedings."[21] Ebersole fails to meet this burden. Our Supreme Court recently held that

---

[20] (Citations and punctuation omitted; emphasis supplied.) *Jones v. State*, 317 Ga. 466, 472 (2) (893 SE2d 741) (2023).

[21] (Citation omitted.) *McKinney v. State*, 307 Ga. 129, 134 (2) (834 SE2d 741) (2019).

[a]n error cannot be plain where there is no controlling authority on point. [Ebersole] has identified no controlling authority – nor have we found any – supporting his argument that [introduction of evidence of a similar transaction through a copy of an indictment] . . . is . . . inadmissible under the Confrontation Clause. . . . Moreover, although [the Supreme Court of Georgia] recently held that the Confrontation Clause is violated when convictions of other people are admitted against a defendant, [that court] explained that nothing about this scenario can be read to suggest that a particular defendant's prior conviction could not be used against that *same* defendant in his or her own case under the proper circumstances. Because there is no controlling authority supporting [Ebersole's] argument, he has failed to show a clear error.[22]

As a result, whether interpreted as a claim that the trial court failed to grant a mistrial or as an evidentiary objection raised for the first time on appeal, this claim of error provides no basis for reversal.

2. Ebersole next contends that the trial court erred in overruling his objection to the State's mention of the child victim's age during closing when the same was not in evidence and that it further erred in not instructing the jury to disregard the remark or to admonish the State. We find no reversible error.

Georgia law provides that

---

[22] (Citations and punctuation omitted; emphasis in original.) Id. at 134-135 (2).

15

[w]here counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.[23]

"The type of instruction that is necessary after the prosecuting attorney makes a statement about a prejudicial matter not in evidence will vary depending upon the prejudicial impact of the prosecutor's statement, with specific instructions being necessary in particularly prejudicial cases, and general instructions [that closing statements are not evidence] sufficing in most cases."[24]

Here, during its closing argument the State said: "How do we know [Ebersole] doesn't care about the desires of the people that he has sexual relations with? . . . Because he is convicted of child molestation. Do you think the 11-year-old girl in Count 1 of that conviction consented to him touching her?" Ebersole objected because the evidence presented at trial did not include the specific age of the victim of the

---

[23] OCGA § 17-8-75.

[24] (Citation and punctuation omitted.) *Jones v. State*, 292 Ga. 656, 662 (2) (740 SE2d 590) (2013).

child molestation. The trial court overruled Ebersole's objection and immediately told the jurors that what the attorneys said in closing was not evidence.

The trial court erred in overruling Ebersole's objection because he was correct that the specific age of the victim was not in evidence. All that was in evidence was that she was a child under the age of 16. "[A]lthough such a failure can constitute reversible error, the error is subject to application of harmless error analysis."[25] Here, we hold the error was harmless. The remark about the victim's age was fleeting, and Ebersole immediately objected. Although the trial court failed to perform the duty imposed by OCGA § 17-8-75, it did immediately tell the jury that closing statements were not evidence and repeated that admonition during the charge of the jury. Moreover, it is unlikely that the jury would have significantly different feelings about Ebersole molesting an 11-year-old as opposed to a child of any other age under 16, such that any prejudice from the remark was minimal. We hold that it is "highly probable

---

[25] (Citation and punctuation omitted.) *Walker v. State*, 281 Ga. 521, 524 (5) (640 SE2d 274) (2007).

that the trial court's error in failing to sustain [Ebersole's] objections and perform its duty under OCGA § 17-8-75 did not contribute to the verdict."[26]

3. Ebersole contends the trial court erred in failing to grant a mistrial when the State commented on the exercise of his right to remain silent during the State's closing argument. Ebersole waived this issue.

During closing argument, the State made the following statement:

Y'all, this is a rape-type case. This comes down to two people in that room; one was [the victim], and the other is [Ebersole]. And we only heard from one of them, and now [Ebersole] doesn't have to testify. He has no burden to testify. He doesn't have to put up any witnesses, he has

---

[26] Id. (holding that the trial court's failure to fulfill its duty under OCGA § 17-8-75 was harmless "[b]ecause the improper statement involved speculation about a potential defense appellant clearly did not assert at trial, because it consisted of only one sentence spoken simultaneously with defense counsel's prompt objection, and because the trial court in preliminary instructions before closing told the jury that the argument of counsel was not evidence[.]"); *Fincher v. State*, 276 Ga. 480, 482-483 (4) (578 SE2d 102) (2003) (holding that a misstatement in closing about the lack of blood on the porch and the misattribution of a witness' statement did not likely contribute to the verdict because the statement about the blood "was arguably no more than an overstatement (most of the blood had been washed off the porch) of the evidence, because the mistaken attribution of testimony was insignificant in light of the fact that several witnesses had given similar testimony regarding [the defendant's] statements of anger toward [the victim], and because the trial court told the jury in preliminary instructions and the prosecuting attorney reminded the jury in closing argument that the argument of counsel was not evidence[.]").

no burden of proof, but we only heard from one of those individuals. That's it.

Ebersole objected that the statement was a comment on the exercise of his right to remain silent. The trial court interjected and told the jury that Ebersole had no burden of proof or obligation to testify. At no time did Ebersole move for a mistrial as a result of this comment during closing. As stated above, Ebersole's failure to move for a mistrial on this ground means that this issue is not preserved for appellate review. [27]

4. Ebersole contends that the trial court erred in permitting admission of evidence concerning his interest in tarot cards and "the devil" because it was irrelevant and unfairly prejudicial. We disagree.

At trial, the victim testified about Ebersole's repeated discussion of "the devil" and interest in tarot cards prior to the assault. She also testified about Ebersole's demeanor during the assault: Ebersole telling her he was "the devil" and that he would kill her; Ebersole's chanting and speaking in an unknown language; and the victim's opinion that Ebersole sounded "demonic." Further, the jury heard testimony from the arresting officer and viewed his body camera footage depicting Ebersole

---

[27] *Bates*, 317 Ga. at 818 (3) (b).

cursing the deputy, chanting in an unknown language, and referencing "Satan" and "Lucifer."

As previously stated, "[e]vidence is relevant if it has '*any tendency*' to prove or disprove a fact[.]"[28] The evidence at issue was relevant and intrinsic evidence.

> Evidence is admissible as intrinsic evidence, rather than extrinsic evidence subject to Rule 404 (b), when it is (1) an uncharged offense arising from the same transaction or series of transactions as the charged offense; (2) necessary to complete the story of the crime; or (3) inextricably intertwined with the evidence regarding the charged offense.[29]

The Supreme Court of Georgia has held that

> evidence of other acts is "inextricably intertwined" with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted. And this sort of intrinsic evidence remains admissible even if it incidentally places the defendant's character at issue.[30]

---

[28] (Citation omitted; emphasis in original.) *McIver*, 314 Ga. at 145 (3) (a).

[29] (Citations and punctuation omitted.) *Harris v. State*, 310 Ga. 372, 377 (2) (b) (850 SE2d 77) (2020).

[30] (Citations and punctuation omitted.) *Williams v. State*, 302 Ga. 474, 486 (IV) (d) (807 SE2d 350) (2017).

Here, even though it may have reflected negatively on his character, the evidence of Ebersole's fascination with tarot cards and invocation of "the devil" was both relevant and inextricably intertwined with the charged offenses as he was referencing "the devil" during and immediately after the assault.

"Even when evidence is intrinsic, however, it must also satisfy [OCGA § 24-4-403]. It is within the trial court's sound discretion to determine whether to admit such evidence, so we review a trial court's ruling admitting evidence as intrinsic for an abuse of that discretion."[31]

> Relevant intrinsic evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. There is no mechanical solution for this balancing test, and a trial court must undertake in each case a considered evaluation of the proffered justification for the admission of such evidence and make an independent determination. [The Supreme Court of Georgia has] explained that this balance should be struck in favor of admissibility.[32]

---

[31] (Citations and punctuation omitted.) *Harris*, 310 Ga. at 377 (2) (b).

[32] (Citations and punctuation omitted.) *Heade v. State*, 312 Ga. 19, 26-27 (3) (860 SE2d 509) (2021).

We hold that the trial court did not abuse its discretion in failing to exclude this evidence on the grounds that it was unfairly prejudicial. The evidence was highly probative as it would have been impossible for the State to present the charged offenses in full if the evidence was excluded, and the high probative value of the evidence was not substantially outweighed by unfair prejudice even though it may have incidentally placed Ebersole's character at issue.[33]

5. Lastly, Ebersole contends that the cumulative effect of the trial court's errors warrant a new trial. We disagree.

"Georgia courts considering whether a criminal defendant is entitled to a new trial should consider collectively the prejudicial effect of trial court errors and any

---

[33] See *Smith v. State*, 307 Ga. 263, 273 (2) (c) (834 SE2d 1) (2019) ("Because [the witnesses'] statements were admissible as intrinsic evidence and because the probative value of such evidence was not substantially outweighed by the danger of unfair prejudice to [the defendants], the trial court did not abuse its discretion by admitting [these] statements. This enumeration of error therefore fails."); see also *Harris*, 310 Ga. at 382 (2) (b) (holding that the trial court did not abuse its discretion in failing to exclude intrinsic evidence pursuant to OCGA § 24-4-403 that the defendant broke items in the home of another woman who then obtained a temporary protective order out of fear for her life after she made the defendant leave her home in a case where the defendant was charged with soon thereafter murdering a woman who was about to make him leave her home).

deficient performance by counsel — at least where those errors by the court and counsel involve evidentiary issues."[34]

> To establish cumulative error, [Ebersole] must show that (1) at least two errors were committed in the course of the trial; and (2) considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied [Ebersole] a fundamentally fair trial. However, when reviewing a claim of cumulative prejudice, [appellate courts] evaluate only the effects of matters determined to be error, not the cumulative effect of non-errors.[35]

This Court has not identified two errors made by the trial court, accordingly, this claim is without merit.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur.*

---

[34] *State v. Lane*, 308 Ga. 10, 14 (1) (838 SE2d 808) (2020).

[35] (Citations and punctuation omitted.) *Flood v. State*, 311 Ga. 800, 808-809 (1) (d) (860 SE2d 731) (2021).