**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 19, 2025**

# In the Court of Appeals of Georgia

A25A1643. TERRY v. THE STATE.

PER CURIAM.

A jury found Kenneth Terry guilty of rape. On appeal, Terry contends the trial court committed plain error in urging the jury to reach a verdict quickly. For reasons that follow, we find no error and affirm.

Viewed in a light most favorable to the jury's verdict,[1] the evidence shows that Terry married the victim in 2016 and, although the marriage was long distance, Terry would frequently stay with the victim in her Cobb County home. Trouble between the two started shortly after they married. In March of 2017, Terry punched his wife in

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

the face. Terry then left and stayed away for about a month. The victim was ashamed of the incident, and she did not report it to police.

Initially, there were good periods in the relationship, but by the fall of 2018 "[e]verything was bad." Terry began threatening the victim's adult children from a prior marriage. He followed the victim when she was driving for Uber. Terry was intermittently violent, and the victim would stay home from work to keep her co-workers from seeing bruises on her face.

In August 2019, following another argument, the victim asked Terry to leave. Terry responded by telling the victim he "wishe[d] he could hit [her] so hard that [her] skull would go into [her] brain." Terry then left, taking the victim's phone, and the victim used her daughter's phone to call the police. That night, the victim and her daughter stayed at a hotel. Terry followed them to that hotel.

On September 27, 2019, Terry was irritated following an argument, so the victim asked her daughter to sleep in the bed with her because she knew it would keep her safe. But the next morning, the daughter left early, and the victim woke to find Terry standing over her bed. Terry demanded the victim have sex with him, and when she refused, he shoved her down on the bed, ripped her underwear off, pinned her

2

arms down, and forcibly penetrated the victim. He accused the victim of having sex with others, telling her that her body belonged to him.

That morning, the victim went to the police department and reported the rape. The victim was taken for a sexual assault examination, and the nurse who examined her noted bruises on the victim's wrist, fingertip bruises on her leg, and an abrasion to her vaginal area. The nurse collected swabs, which were sent to the GBI for analysis. DNA from the victim's vaginal swab was a match for Terry.

Terry knew the victim had gone to the police, because he followed her there. Terry continued to follow the victim, and he bombarded her with calls and texts, and left a note on her car. He tried to get the victim to drop the charges against him.

The victim's employer helped her find a new apartment in a gated community in Fulton County. On October 17, 2019, the victim went out at night with a friend. She returned home around 1:00 AM the next morning. As she was walking from the parking garage to her apartment, Terry grabbed her from behind, covered her mouth, and forced her back into her car. Terry entered the car, and the victim began to scream. He then told her to "shut the f*ck up," and he struck her twice in the face. The victim continued to scream, and Terry pulled out a knife and stabbed the victim

in her thigh. At that point, the victim stopped yelling because she believed that Terry was going to kill her.

Terry began driving the victim around in her car. Eventually, Terry stopped at a hotel off of I-75 in Cobb County. He pulled to the back of the hotel, telling the victim he knew he had "f*cked up" and that he would get some ice for her face, which was distorted with swelling. After Terry exited the car, the victim locked the doors, slid to the driver's side, and drove around to the front entrance of the hotel. The victim got out of the car and began screaming for help, and a security officer came out of the hotel. Terry came around the hotel and grabbed the victim by the waist to pull her toward the car. The security guard saw the victim's face and confronted Terry who got back in the car and drove away.

The victim ran into the hotel, and the security officer summoned the police. When the police arrived, they realized the victim had been stabbed and they sent her to the hospital where her leg was sutured. A be-on-the-lookout alert was sent out for Terry, who was apprehended later than afternoon in Tennessee following a high speed chase.

Terry was arrested and charged with rape for having forcible, non-consensual intercourse with the victim and kidnapping for trying to drag the victim back to her car at the hotel in Cobb County.[2] Following a trial, the jury found Terry guilty of rape, but acquitted him of kidnapping. The trial court denied Terry's motion for new trial, as amended, and Terry filed this appeal.

Terry's sole enumeration of error is that the trial court erred in urging the jury to reach a verdict quickly. Specifically, on the Wednesday of trial, the trial court welcomed jurors back from lunch with the following:

> Before the State calls their next witness, I kind of want to give you the lay of the land scheduling-wise. As we head into — I don't want to call it the home stretch yet, but in a horse race, I guess it's the back stretch. So as we head into that, the State tells me they've got a few more witnesses today. We're probably going to finish a little early this afternoon. . . . Tomorrow, we will come in the morning and probably be out by 12:00 or 1:00[.] The reason for that is there's a witness that isn't available until Friday. . . . Now, I have to chair an important statewide meeting[,] . . . but I'll be doing that in the morning, and I will finish that at 11:30. . . . And we're going to go on Friday until we finish. So make plans to stay late. And I don't have any way of knowing what time that will be because

---

[2] The kidnapping and assault at the victim's apartment complex took place in Fulton County and thus those offenses were not tried in Cobb County.

you-all will be deliberating. And so just make plans to stay late. Next week is not available to us[.] So we don't have the ability to bleed into Monday. So we're going to work hard on Friday[.] . . . But I wanted to let everybody know so you could be making those arrangements ahead of time. So we will finish. And we will not go into Saturday, we will not go into Sunday, and we will not go into Monday, okay. We're going to finish on Friday.

Terry's attorney did not object to the trial court's statement because he did not find it objectionable. The trial finished shortly before 4:00 PM on Friday, and the jurors began deliberating. The jury reached a verdict in just over two hours, finding Terry guilty of rape, but acquitting him of kidnapping. Jurors were then polled, and each affirmed that their verdict was freely and voluntarily made.

The crux of Terry's argument is that the trial court's instruction essentially coerced jurors into deciding the case quickly. Because trial counsel did not object to the instruction, we consider only whether the trial court's statement constitutes plain error. *Quiller v. State*, 338 Ga. App. 206, 209 (789 SE2d 391) (2016). "Under that standard, we must determine whether there is an error that has not been affirmatively waived, is clear and obvious, affects the defendant's substantial rights, and seriously

affects the fairness, integrity or public reputation of the judicial proceedings." Id. (citation and punctuation omitted).

Terry is correct that a trial court should not encourage jurors to reach a speedy verdict. See *Moore v. State*, 222 Ga. 748, 753 (5) (152 SE2d 570) (1966). A trial court may, however, provide administrative guidance on scheduling matters. See *Edwards-Tuggle v. State*, 320 Ga. 558, 561 (1) (910 SE2d 555) (2024). Here, the trial court's statement — viewed in context — falls into the latter category. See id. (viewed in context, judge's statement to jury that deliberations beginning on Friday afternoon could not be continued over the weekend or the next Monday did not amount to coercion of jury). Given the irregular schedule necessitated by the judge's schedule and a witness's availability, the trial court acted within its discretion in communicating this information to jurors. See id. Furthermore, in giving the formal jury charge, the trial court did not encourage speed in deliberations; rather, the trial court instructed jurors regarding their duty to consider the evidence objectively and to render a true verdict.

To the extent the trial court may have erred by telling jurors the case would end on Friday, Terry is unable to show this constitutes plain error. There is no suggestion

that jurors were struggling to reach a verdict. When polled, all jurors affirmed that their verdict was freely and voluntarily rendered, and they found Terry guilty of rape and not guilty of kidnapping. Under these circumstances, it is unlikely that the trial court's statement had any impact on the outcome of the trial. See *Gates v. State*, 298 Ga. 324, 327 (3) (781 SE2d 772) (2016) (plain error analysis requires a defendant to affirmatively show that the error probably affected the outcome below).

*Judgment affirmed. Division Per Curiam. All Judges concur.*